STATE, RESPONDENT, *v.* KOCHER, APPELLANT.

(No. 8,220.)

(Submitted October 9, 1941. Decided October 24, 1941.)

[119 Pac. (2d) 35.]

*Mr. S. J. Rigney,* for Appellant, submitted a brief, and he and *Mr. John L. Slattery,* of counsel, argued the cause orally.

*Mr. John W. Bonner,* Attorney General, *Mr. Fred Lay,* Assistant Attorney General, and *Mr. Wilbur P. Werner,* County Attorney of Glacier County, for the State, submitted a brief; *Mr. Lay* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The defendant was tried and convicted of the crime described by section 11005, Revised Codes. From the judgment, from the order denying a new trial and the order denying a motion in arrest of judgment he appealed.

The record discloses that the prosecutrix was nine years of age; that on the second Sunday before Christmas, 1940, she, in the company of her nephew, a child two years of age, was walking on the streets of Cut Bank, and that about 2:30 P. M. she was accosted by a man whom she described as being rather tall, having black hair, stained, crooked teeth and wearing a greenish blue suit and reddish brown shoes; that the man spoke to her and asked her to come to his room and play with him; that she went to his room on the second floor of a rooming house a short distance away; that upon the two children entering the room the man locked the door and took off his jacket; that the man then requested the prosecutrix to take off her dress; that she said nothing, whereupon the man put his hand upon her shoulder and tried to unbutton her dress; that failing to

514

do so, he requested the prosecutrix to do it, and that as she stepped back her nephew started to cry and the man opened the door and allowed the two to depart. The prosecutrix identified the man to be the defendant here, and pointed him out in a local barber shop, some time before the trial as well as in the court room during the trial.

The record is not clear as to when the prosecutrix made these facts known, but it appears that she recited them to her mother and a girl friend some time later.

The first contention made by defendant is that the information is fatally defective in that there is no lewd and lascivious act alleged. The information alleges: "That Oliver A. Kocher, late of the county of Glacier, on or about the Sunday prior to Christmas Day A. D. 1940 at the county of Glacier in the State of Montana, did commit the offense of a lewd and lascivious act upon a female child under the age of 16 years. That said Oliver A. Kocher, a male person over the age of 18 years, on or about the Sunday prior to Christmas Day A. D. 1940, and before the filing of this Information, at the said county of Glacier, and in the said State of Montana, did then and there wilfully, unlawfully, feloniously and lewdly request one [here follows the name of prosecutrix] a minor child under the age of 16 years, to-wit, 9 years, to remove her dress, and the defendant did then and there wilfully, unlawfully, feloniously and lewdly place his hands upon the body and person of said [naming prosecutrix], and attempted to remove her dress, with the intent of then and there arousing, appealing to, and gratifying the lust and passion and sexual desires of said [naming prosecutrix] or of the defendant."

The statute, section 11005, supra, under which the information was drawn, is as follows: "Any person over the age of eighteen (18) years, who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting crimes provided in sections 11000 to 11007, upon or with the body or any part or member thereof, of a child under the age of sixteen (16) years, with the intent of arousing, appealing

to, or gratifying the lust or passion or sexual desires of such person, or of such child, shall be guilty of a felony, and shall be imprisoned in the state prison not exceeding five (5) years.''

The defendant argues that there is nothing in the information to show that any contact with the body of the child was lewd or lascivious; that all it alleges is that the defendant attempted to remove her dress which, he argues, is insufficient under our statute to show the commission of the crime charged, or any crime save that of assault. We cannot agree with defendant's argument. The information is plain and states that the defendant ''did then and there wilfully, unlawfully, feloniously and lewdly place his hands upon the body and person of said [prosecutrix] and attempted to remove her dress, with the intent of then and there arousing, appealing to, and gratifying the lust, passion and sexual desires of said [prosecutrix] or of the defendant.'' There is alleged an act of placing the hands on the body with the intent to arouse passion, which is sufficient under the statute to state the offense there contemplated.

The next contention urged by the defendant is that there was a failure of proof. The record demonstrates that prosecutrix told the facts, with no attempt to elaborate on them or to draw any conclusions as to what they meant. The legal question in this connection is whether or not the facts as related by prosecutrix are sufficient to sustain a conviction under section 11005, supra. An analysis of this section shows that the elements of the crime described are as follows: First, the offender must be over the age of eighteen years; second, a lewd or lascivious act must be committed upon or with the body, or any part or member thereof, of a child under the age of sixteen years; third, the act must be committed with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, or of such child.

It is evident that the legislature meant a physical contact between the perpetrator and the child when it used the language ''upon or with the body or any part or member thereof.'' The lewd and lascivious act must of necessity be

related to the intent with which the act is committed. (*People* v. *Hunt*, 17 Cal. App. (2d) 284, 61 Pac. (2d) 1208; *People* v. *McCurdy*, 60 Cal. App. 499, 213 Pac. 59.) An act of the most intimate nature performed by a doctor would not be considered lewd and lascivious when performed in the practice of his profession. Therefore, we must look to the intent with which the act is done to determine whether it is lewd or lascivious. (*State* v. *Marvin*, 197 Iowa, 443, 197 N. W. 315; *State* v. *Weaver*, 182 Iowa, 921, 166 N. W. 379.) In determining what the intent is, we are guided by the rule set out in section 10727, Revised Codes, which states: "The intent or intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused."

In the case before us we have a total stranger asking a nine-year old girl to his room, locking the door and asking her to remove her dress, and then placing his hand upon her shoulder in an attempt to remove the dress. We hold that this evidence was sufficient to warrant the jury in believing that the defendant had the intent to arouse or gratify his sexual desires in some depraved manner.

We have held that there must be a physical contact between ▇ the two parties to constitute an act under the statute. In this case the defendant tried to unbutton the girl's dress. There is no evidence that he touched her arm, neck, or shoulder or made a "flesh to flesh" contact. We think the statute may be violated without such contact. To make such a distinction would put outside the pale of the law many lewd and lascivious acts, which could be made upon the body of the person and yet no "flesh to flesh" contact occurring. There was, however, physical contact between the defendant and the prosecutrix, within the meaning of the statute, when he placed his hand upon her shoulder and attempted to unbutton her dress. (See *People* v. *Hicks*, 98 Mich. 86, 56 N. W. 1102; *People* v. *Halistik*, 69 Cal. App. 174, 230 Pac. 972; *People* v. *Bronson*, 69 Cal. App. 83, 230 Pac. 213; *People* v. *Lanham*, 137 Cal. App. 737, 31 Pac. (2d) 410.)

The defendant argues that it is nothing out of the ordinary for an adult to place a hand on the shoulder of a child. Ordinarily this is true, but the circumstances here negative any innocent purpose. Here we have an adult stranger inviting the child to his room, locking the door as they entered; then asking the girl to remove her dress; then trying to unbutton her dress himself. These circumstances are sufficient to show act and intent as required by the statute. To say that the act was for a wholesome purpose, and not for lewd or lascivious desires, finds no support in the record.

The point next contended for is that there was no proof that ▮ the defendant was over the age of eighteen years, as required by the statute. The state introduced a record from the chief clerk of the local selective service board at Cut Bank, and that list showed that one Oliver Augustus Kocher, Jr., Fort Worth, Texas, registered under the Selective Service Act. The defendant contends that there is nothing in the evidence to show that he and the selective service registrant are one and the same person, and that the record in any event was inadmissible. The only objection made to this record was "that it is not the best evidence. It apparently is not the original." It appeared that the original registration went to the Governor of the state of Texas. However, the record admitted in evidence constituted a record in the office of the selective service board, and as such was admissible. (Secs. 10540 and 10543, Rev. Codes.) The Selective Service Act of 1940, appearing in 50 U. S. C. A., sections 301 et seq., requires the registration of persons between the ages of twenty-one and thirty-six, and the registration is provided to be "at such time or times and place or places, and in such manner and in such age group or groups, as shall be determined by rules and regulations prescribed hereunder." The rules and regulations under the authority of the Selective Service Act require that a list of the registrations be preserved. Rule 311 (b), of which we will take judicial notice (sec. 10532, subd. 3), provides: "One copy of the list shall be posted in a public place in or near the office

of the local board; one copy shall be put in the files of the board, and one copy shall be sent to the Governor.'' Hence the record in question was properly received in evidence as an official record required by law to be kept. There was no objection made that it related to a different person from the defendant; hence that question cannot be relied upon here.

The defendant next contends that the court erred in refusing ▮ to grant defendant's motion for postponement of the trial. We cannot say that the court abused its discretion in denying the motion. The information was filed on the 20th day of February, 1941, and the defendant made his plea on February 25th. The trial commenced on the first day of March. Thus the defendant had more than the statutory two days in which to prepare his defense (sec. 11935, Rev. Codes). It is true that the county attorney on February 28th informed the defendant that he intended to prove that the crime was committed on a different date from that set out in the information, namely from on or about the first Sunday to on or about the second Sunday preceding Christmas, but we cannot say that the defendant was prejudiced thereby, for the reason that the exact time is not material as to this offense. Section 11848, Revised Codes, declares: ''The precise time at which the offense was committed need not be stated in the indictment or information, but may be alleged to have been committed at any time before finding or filing thereof, except where the time is a material ingredient in the offense.'' (See, also, *State* v. *Thompson*, 10 Mont. 549, 27 Pac. 349.) Furthermore, though defendant filed a motion for a new trial, he made no claim of newly discovered evidence which he had no opportunity to discover before the trial. The record fails to show that defendant's rights were in any way prejudiced by denying the motion for postponement of the trial.

The defendant also contends that section 11005, supra, is ▮ unconstitutional, but we see no merit in this contention. It is competent for the legislature to prohibit and punish persons committing lewd and lascivious acts upon children under certain ages. (31 C. J. 994, note 70.)

Finding no error, the orders and judgment appealed from are affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.

Rehearing denied November 24, 1941.