Greenville Municipal Court,
No. 4685.

STATE *v*. RUDOLPH R. LIZOTTE.

Submitted January 6, 1959.

Decided January 30, 1959.

*Louis C. Wyman*, Attorney General, *Elmer T. Bourque*, Assistant

Attorney General, and *Conrad Danais*, county attorney, for the State.

*William D. Tribble* and *Walter H. Gentsch* for the respondent.

DUNCAN, J. RSA 579:3 provides in part: "If any person shall be guilty of gross lewdness or lascivious behavior such person shall be imprisoned not more than six months or fined not more than two hundred dollars, or both . . . . " The nature of the offense with which the respondent is charged was recently considered and defined in *State* v. *Smith*, 98 N. H. 149. "The gist of the offense is lustful conduct, tending by its probable disclosure and shamefulness to debase the standard of public morals." *Id.*, 150. It is an offense "against chastity" (RSA ch. 579, *supra*), consisting of behavior which goes beyond indecency (see *State* v. *Hummer*, 128 Iowa 505, 508) and is calculated to arouse, appeal to, or gratify lustful passions and sexual desires on the part of the offender. *State* v. *Kocher*, 112 Mont. 511. See also, *State* v. *Johnson*, 74 Idaho 269, 275; *Zeiner* v. *Zeiner*, 120 Conn. 161, 166. It is not essential that the offense be publicly committed. *State* v. *Smith*, *supra*, 150.

The offense of "indecent exposure" is a separate offense which need only offend "against order and decency." RSA 570:6. However, it may be committed under circumstances which would also warrant conviction of lascivious behavior. *State* v. *Burgess*, 77 N. H. 170; *Faulkner* v. *State*, 146 Fla. 769. See Laws 1925, c. 40, s. 1.

It does not follow that conviction of the latter offense requires proof of indecent exposure. The conduct of which there was evidence before the municipal court could be found to have been lustful and intended to gratify sexual desire, even though it did not extend to exposure of the person. *State* v. *Kocher, supra*. Although evidence of exposure might have further enforced the conclusion, its absence did not preclude it.

In short, indecent exposure is not an element of the offense with which this respondent is charged; his motion is not well founded, and it was properly denied.

*Remanded.*

All concurred.