359 P.2d 1058

**In the Interest of Carl Everett LINDH, an alleged delinquent child, Appellant.**

No. 9318.

Supreme Court of Utah.

March 3, 1961.

**386**

Frandsen & Keller, Price, for appellant.

Walter L. Budge, Atty. Gen., Neil D. Schaerrer, Asst. Atty. Gen., for respondent.

CROCKETT, Justice.

This appeal is from an order of the Fifth Juvenile District Court of Grand County committing Carl Everett Lindh, age 16, to the State Industrial School.[1]

The burden of this appeal is that appellant was not afforded due process of law because neither he nor his parents were given adequate notice of the purpose of the hearing at which his previously granted

probation was revoked and the order of commitment issued.

Appellant cites and relies on State v. Bonza,[2] which sets forth the requirements of due process in relation to revocation of probation. That was a criminal proceeding, the nature of which is accusatory, adversary and punitive. It is for the purpose of getting rid of the hostile atmosphere of adversary proceedings and avoiding the rigidities and the formidable aspects of the criminal law that our statutes relating to misconduct of juveniles provide that the proceedings shall be informal and equitable rather than criminal.[3] The main objective is to inquire into bad behavior and its causes and to seek remedies and adjustments in the child, rather than merely to accuse, convict and punish him.

The role of the court is to become sort of a substitute parent to step in the breach and help bring about the proper care, discipline, and adjustment of children when the normal family unit is failing to function. For this reason is would be unrealistic and would hamper the court in properly performing its function to insist upon rigid adherence to all of the requirements of criminal procedure in inquiries in the in-

1. Direct appeal to Supreme Court permitted by Sec. 55–10–34, U.C.A.1953.
2. 106 Utah 553, 150 P.2d 970.

3. Sec. 55–10–26, U.C.A.1953; Mill v. Brown, 31 Utah 473, 88 P. 609; see Pee v. U. S., 107 U.S.App.D.C. 47, 274 F.2d 556, 561, where Chief Judge Prettyman lists 43 jurisdictions with similar laws and authorities holding that proceedings in juvenile courts are not criminal cases.

terests of juveniles.[4] That is why our statutes are fashioned to allow considerable informality and flexibility in all phases of juvenile court procedure. This, however, does not mean that the rights of the child involved are intended to be usurped or impaired. On the contrary, the purpose of this type of procedure is to safeguard his interests and to allow him additional protection. It is of course fundamental that both the minor and his parents are entitled to the basic requirements of due process and fair treatment.[5] These certainly include the right to be informed of any misconduct he is accused of and the opportunity to meet and defend against such charge.

But the history of the juvenile court's dealings with the appellant does not support his contention that he has been deprived of due process of law or unfairly dealt with. He was first brought before the court in December, 1958, upon a petition charging him with delinquency and summons issued thereon as provided in Secs. 55–10–14 and 15, U.C.A.1953. At the conclusion of the hearing he was found to be delinquent and placed on probation. He and his parents were required to sign a regular probation form, which in summary agreed that he would desist from past errors and follow a course of right conduct. During the succeeding 18 months he was brought before the court five additional times for reasons which included truancy, incorrigibility and insubordination in school, using tobacco, using abusive language, destroying property, interfering with an officer, and running away from home and leaving the state in violation of his probation.

Our particular concern is with the last two of these proceedings. On June 16, 1960, he was again brought in upon petition and summons. After hearing the court again found him delinquent and ordered him committed to the State Industrial School, but gave him still another chance by suspending that order upon condition that he live up to the terms of his probation. Six days thereafter, or June 22, 1960, another summons was issued and served notifying appellant and his parents that he was charged with violating the conditions of his probation: in violating curfew and refusing to go home after being requested by police officers; in using vulgar and abusive language in a public place; and in resisting police officers in the discharge of their duties; in the use of improper mufflers and violating traffic laws with his car. This specification would seem sufficient to satisfy the most exacting.

4. For an able, perceptive and well-documented discussion on this subject, see Constitutional Rights in Juvenile Court by Judge Paul W. Alexander, ABA Journal, Nov. 1960, p. 1207.

5. See In re Poff, D.C., 135 F.Supp. 224, 226; see also footnote 4, supra.

We regard as specious and without substance the contention that because the notice did not expressly state that the hearing was to revoke his probation that appellant was not afforded due process of law. Anyone with a modicum of common sense would know that if he was found guilty of violating his probation the court might commit him. The appellant and his parents must be deemed to have so understood.

Affirmed. No costs awarded.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, J., concurs in the result.