STATE OF CONNECTICUT *v.* ROBERT JONES

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 15-5295

Argued April 13—decided August 13, 1964

*William F. Mangan, Jr.,* of New Britain, for the appellant (defendant).

*Stanley J. Traceski, Jr.,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant was convicted in a trial to the court of the crime of lascivious carriage in violation of § 53-219 of the General Statutes and has appealed on the ground that on all the evidence he should not have been found guilty of the charge.

He has also assigned error in the conclusions stated in the court's finding. However, since his rights will be completely protected by the comprehensive inquiry required by the general assignment of error in the conclusion of guilt beyond a reasonable doubt, it will not be necessary to consider the error addressed to the finding. *State* v. *Pundy,* 147 Conn. 7, 8.

The court could reasonably have found the following facts: On September 21, 1963, the defendant, at 11:30 p.m., requested a key from the landlord to the apartment of a certain woman, representing that he was her brother. The landlord and the defendant assisted the intoxicated woman into her apartment, which consisted of a combination bedroom and living room, nine feet by twelve feet. Shortly thereafter, the landlord heard shouting and screaming coming from that apartment and knocked on the door. When there was no response, he called the police and by means of a passkey opened the door and entered the apartment. The lights were on and the woman and the defendant were both in bed, completely nude, lying side by side, covered by a sheet. The woman appeared to be unconscious and was given a drink of water to revive her. Her face was bruised and her eye blackened. The defendant did not testify.

The defendant claims that the state failed to prove him guilty beyond a reasonable doubt since, in his own words, "sexual activity or nudity conducted privately behind locked doors between a willing male and willing female do not constitute lascivious carriage." The predecessor statute of § 53-219 was enacted in 1642 by the General Court, the legislative body of that era. See 1 Col. Rec. 78. The leading judicial decision in Connecticut is *Fowler* v. *State,* 5 Day 81, 84, which in part states

as follows: "Although, from the indelicacy of the subject, and the different shades of criminality attending the offense, the legislature have avoided a definition of lascivious carriage and behavior; yet it is evident from the preamble to the act, and the plain import of the expressions, that they meant to include and suppress all those wanton acts, between persons of different sexes, flowing from the exercise of lustful passions, which are grossly indecent and unchaste; and which are not otherwise punished as crimes against chastity and public decency." "The word 'lascivious,' as employed in the statute, . . . signifies conduct which is wanton, lewd and lustful, and tending to produce voluptuous or lewd emotions." *Zeiner* v. *Zeiner,* 120 Conn. 161, 166. "The word 'lascivious' includes wanton acts between persons of different sexes flowing from lustful passion, which are grossly indecent and unchaste, which are lewd and lustful, and which tend to produce lustful emotions and desires." *State* v. *Dallaire,* 23 Conn. Sup. 299, 301. "Lustful" is defined as gross immorality, "lewd" is defined as given to unlawful indulgence of lust, eager for sexual indulgence, and unchaste is defined as impurity of mind with reference to sexual relations." Ibid.; Ballentine, Law Dictionary (2d Ed.).

The defendant's claim of error is upon the basis that the act itself must be open or public and that where it occurs in the privacy of the bedroom it is not lascivious and therefore not lewd and lustful. Section 53-219 does not contain a requirement of openness for the commission of the crime. The court held in *Fowler* v. *State,* supra, 85, that while the crime of lascivious carriage could be committed openly in front of an assemblage of persons of different sexes, it might also be committed by exhibiting lascivious carriage or behavior to another unconsenting person of the opposite sex even though no

third person could or did see it. See *State* v. *Curtis,* 146 Conn. 365, 369. "Lascivious conduct, because of the very nature of the crime, is usually committed under circumstances calculated to ensure privacy . . . ." *State* v. *Bell,* 24 Conn. Sup. 94, 98.

The status of the moral standards of our society is such that sexual intimacy is not forbidden. However, the standards of society are such that sexual relations or lascivious actions by persons who do not have the benefit of marriage to one another are regarded as obscene, unchaste and immoral. Whether or not they are committed openly or publicly or in the privacy of the bedroom makes them none the less lewd, immoral and unchaste. The moral standards of society and the regard which the law gives to them, including the standards with respect to willing or consensual participants, were best stated by Justice Harlan, dissenting in *Poe* v. *Ullman,* 367 U.S. 497, 545: "Yet the very inclusion of the category of morality among state concerns indicates that society is not limited in its objects only to the physical well-being of the community, but has traditionally concerned itself with the moral soundness of its people as well. Indeed to attempt a line between public behavior and that which is purely consensual or solitary would be to withdraw from community concern a range of subjects with which every society in civilized times has found it necessary to deal. The laws regarding marriage which provide both when the sexual powers may be used and the legal and societal context in which children are born and brought up, as well as laws forbidding adultery, fornication and homosexual practices which express the negative of the proposition, confining sexuality to lawful marriage, form a pattern so deeply pressed into the substance of our social life that any Constitutional doctrine in this area must build upon that basis."

The court was correct in concluding that the state had proved beyond a reasonable doubt that the defendant was guilty of the crime of lascivious carriage.

There is no error.

In this opinion PRUYN and KINMONTH, J., concurred.