444 P.2d 461

**Randy DIMMITT, Plaintiff and Appellant,**

**v.**

**The CITY COURT OF SALT LAKE CITY, Defendant and Respondent.**

**No. 11137.**

Supreme Court of Utah.

Aug. 12, 1968.

Ronald N. Boyce, Salt Lake City, for appellant.

Homer Holmgren, Salt Lake City Atty., Paul G. Grant. Asst. Salt Lake City Atty., Salt Lake City, for respondent.

CROCKETT, Chief Justice:

On May 2, 1967, Randy Dimmitt, age 17, was issued a traffic citation by Salt Lake City police charging him with operating a motor vehicle without a valid operator's license, without a valid registration certificate, with an inoperative muffler and a defective tail light. After entering a plea of not guilty in the city court, he filed this action in the district court to restrain the city court from proceeding on the ground that it had no jurisdiction, urging that the juvenile court has exclusive jurisdiction over him and such offenses because he is a minor.[1] From a rejection of his petition, plaintiff appeals.

It is true that our Juvenile Court Act indicates generally that juvenile offenders should be dealt with in the juvenile courts, should not be accused of crime nor treated as criminals, and that the proceedings shall be informal and equitable in the interest of the child.[2] But it is also to be noted that certain exceptions are provided for. Sec. 55–10–77 of the Juvenile Court Act of 1965[3] sets out the jurisdiction of the juvenile court as follows:

Except as otherwise provided by law, the court shall have exclusive original jurisdiction in proceedings:

(1) Concerning any child who has violated any federal, state, or local law or municipal ordinance, * * *

Inasmuch as the emphasized clause makes it clear that there may be exceptions to the juvenile court's jurisdiction if "otherwise provided by law," the pertinent inquiry is whether it is in fact "otherwise provided by law" that the juvenile court does not have exclusive jurisdiction of traffic violations.

It is unquestionable that at the time that Sec. 55–10–77 quoted above was enacted it was "otherwise provided by law" that city courts have jurisdiction over these traffic offenses. Sec. 78–4–16, U. C.A. 1953, states:

The city court shall have exclusive original jurisdiction of all cases arising under or by reason of the violation of any of the ordinances of the city * *

We revert to the critical question: does Sec. 55–10–77 which uses the same lan-

---

1. The Juvenile Court Act, Sec. 55–10–64 (3), U.C.A.1953, defines a child as any person less than 18 years of age.
2. See Sec. 55–10–63 et seq. and Sec. 55–10–105, U.C.A.1953; see statement in

In Interest of Lindh, 11 Utah 2d 385, 359 P.2d 1058, and authorities cited therein.
3. Codified as Secs. 55–10–63 through 123, U.C.A.1953 (1967 Supp.).

guage, "exclusive original jurisdiction" in giving the juvenile court jurisdiction over children, deprive the city court of jurisdiction in traffic cases? It is obvious that both courts cannot have "exclusive original jurisdiction" over them. It is, therefore, appropriate to look to other sections of the act which bear upon the problem.

The provision of the Juvenile Court Act which deals with charging a child with an offense is Sec. 55–10–105(4):

> No child shall be charged with crime nor be convicted in any court *except* as provided in section 55–10–86 *and in cases involving traffic violations.* * * *

It is argued, not without plausibility, that the above section indicates that children may be charged and convicted of crime in the juvenile court for traffic violations. However, it is also pointed out that there are good reasons to support a construction that it was intended that the juvenile court did not have exclusive jurisdiction, but that children could be charged in any court having jurisdiction over traffic violations. In subsection (4) just quoted the "and" is conjunctive and clearly denotes exceptions in two classes of cases. The first relates to acts which if done by an adult would be felonies, which can be handled by other courts as provided in Sec. 55–10–86. Immediately following and apparently closely related in thought is the second exception *"and* in cases involving traffic violations." It does not seem illogical to interpret this as intending that traffic violations could also be handled in other courts.

The court has no concern with the wisdom or soundness of a statute, or the reasons to justify it, except as it may aid in the proper interpretation thereof. In the latter connection the following have been suggested as reasons why the legislature thought that traffic violations should be treated as different from other offenses and also be handled in other courts. An important one of these is the tremendous increase in traffic and in violations in recent years which makes it desirable that there be the most efficient, expeditious and uniform treatment possible. Minors must be at least 16½ years of age before driving. In doing so they are exercising the privileges of adults, and in the interest of uniformity of law enforcement and equality of treatment they should be treated as adults. Another point bearing on this problem is that a high proportion of traffic violations can be regarded as in the nature of errors in violating traffic rules, rather than as manifesting basic anti-social attitudes to which the stigma of crime should attach. Consistent with the foregoing is the fact that even when traffic offenses are handled in the juvenile courts there are special provisions for their

different treatment in closer conformity with their handling in other courts.[4]

 Where a court is given and would normally have jurisdiction as does the city court under Sec. 78–4–16, there would have to be a clear and unequivocal declaration of legislative intent to deprive that court of jurisdiction and confer exclusive jurisdiction on the juvenile court.[5] As will be seen from the above discussion of the pertinent statutes, it is arguable on the one hand that children may be proceeded against for traffic violations only in the juvenile court, where as on the other hand, there is an entirely reasonable construction of the statutes that they may be proceeded against in the city court having jurisdiction over cases of traffic violation. In the absence of any clear and unequivocal legislative indication that the city courts are deprived of jurisdiction, we are in accord with the ruling of the district court that city courts have concurrent jurisdiction with the juvenile court in cases where children are charged with traffic violations.

Affirmed. No costs awarded. (All emphasis added.)

TUCKETT, J., concurs.

ELLETT, Justice (concurring in the result).

I concur in affirming the judgment of the district court. The reasons which prompt me to do so are the following:

Sec. 78–4–16, U.C.A.1953, reads:

The city court shall have exclusive original jurisdiction of all cases arising under or by reason of the violation of any of the ordinances of the city * * This law was enacted in 1901 and has been in force and effect ever since.

When the Juvenile Court Act was passed in 1965, the jurisdiction of juvenile courts was given by Sec. 55–10–77, which so far as material reads: "Except as otherwise provided by law, the court shall have exclusive original jurisdiction * * *"

At that time violations of city ordinances *were otherwise provided* for, and so the juvenile courts were not given jurisdiction over them.

---

4. Under the Juvenile Court Act traffic violations are the only ones with respect to which a petition need not be filed to initiate the proceedings, Sec. 55–10–83(3); also different from the usual treatment of delinquencies, such violations may be used against the juvenile's record, Sec. 55–10–105(3), and may be filed with the State Department of Public Safety, Sec. 55–10–105(5); Sec. 55–10–79 provides for removal to other courts, all of which sections in the writer's opinion only add to the conflict with Sec. 78–14–16.

5. This is true despite the fact that the Juvenile Court Act (see footnote 3 above) was a later enactment, because the law does not favor nullification of a statute unless the intent to do so is clear. See Union Pac. R.R. Co. v. Pub. Serv. Comm., 103 Utah 186, 134 P.2d 469; 50 Am.Jur. 540.

The matter seems clear enough up to this point. The ticklish problem arises by reason of the language of Sec. 55–10–79, U.C.A.1953 (1967 Supp.), quoted in the dissenting opinion of Justice Callister. That section clearly says that in cases of a criminal or quasi-criminal proceeding, where it is ascertained that a juvenile is involved, the case shall be transferred to the juvenile court.

Since the legislature had already given exclusive original jurisdiction to city courts where city ordinances were involved, the reasonable interpretation to be placed on the words *criminal or quasi-criminal proceedings* in Sec. 55–10–79, supra, is to limit them to proceedings under state law and county ordinances.

Sec. 55–10–100(9), U.C.A.1953 (1967 Supp.), provides:

In cases of violations of traffic laws or ordinances, the court may, in addition to any other disposition, restrain the child from driving for such periods of time as the court deems necessary, and may take possession of the child's driver's license.

Sec. 55–10–105(2), supra, so far as material reads:

An adjudication by a juvenile court that a child is within its jurisdiction under section 55–10–77 shall not be deemed a conviction of a crime except in cases involving traffic violations;
* * *

These two statutes seem to give to the juvenile court jurisdiction of traffic offenses; but since both sections by their terms are limited by the provisions of Sec. 55–10–77 quoted above, these two sections cannot refer to *city* ordinances but only to state law and county ordinances.

I am thus convinced that the only court which can try a juvenile charged with a traffic offense under a city ordinance is the city court, and with this limitation I concur in the result.

CALLISTER, Justice (dissenting).

Reduced to its simplest terms, the issue before this court is to determine which of two conflicting statutes applies, when each purports to grant to a different court exclusive original jurisdiction.[1]

In approaching the problem thus presented, certain principles should be borne in mind relating to the interpretation and application of statutes. * * * a statute should be considered in the light of its background and purpose; and also in connection with other aspects of the law which have a bearing on the problem in order that its intent and purpose be fulfilled.[2]

1. See Sec. 55–10–77, U.C.A.1953, as amended 1965; 78–4–16, U.C.A.1953.

2. Howe v. Jackson, 18 Utah 2d 269, 272, 421 P.2d 159 (1966).

The Juvenile Court Act of 1965 is clearly indicative of a legislative intention that *all* juvenile offenders are initially to appear before the juvenile court. This intent is clearly manifested by the mandatory character of the langauge in Sec. 55–10–79, U.C.A.1953, as amended 1965, the pertinent portion of which provides:

> *If during the pendency of a criminal or quasi-criminal proceeding in another court,* including a preliminary hearing, it shall be ascertained that the person charged is under twenty-one years of age and was less than eighteen years of age at the time of committing the alleged offense, *that court shall transfer the case to the juvenile court,* together with all the papers, documents, and transcripts of any testimony connected therewith. * * * [Emphasis added.]

There are two other rules of construction that substantiate the foregoing conclusion. Sec. 78–4–16, U.C.A.1953, is a general statute dealing with all offenders, while Sec. 55–10–77, U.C.A.1953, as amended 1965, deals with a specific class of offenders. Where two statutes are in con-

flict, the more specific takes precedence over the general.[3] The other rule is that in case of a conflict, the later statute is controlling over the earlier enactment.[4] Since the Juvenile Court Act is a subsequently enacted comprehensive legislative scheme to deal with the juvenile offender, the only logical inference is that the Legislature intended to curtail the prior exclusive original jurisdiction of the city courts.

HENRIOD, Justice:

I do not dissent or concur. I simply observe that the decision in this case represents no case law. In logic I cannot subscribe to the conclusion of the opinion that two courts have exclusive jurisdiction which is concurrent. I cannot subscribe to the concurrence in the result which seems to say one court has exclusive jurisdiction in one geographical area and the other court in a different area, while concurring with the trial court that both of the lesser courts have concurrent jurisdiction. With lachrymosal eyes I suggest that this case stands for nothing.

---

3. Bateman v. Board of Examiners, 7 Utah 2d 221, 233, 322 P.2d 381 (1958).

4. Pacific Intermountain Express Co. v. State Tax Commission, 7 Utah 2d 15, 19, 316 P.2d 549 (1957).