479 P.2d 480

**Robert James NELSON, by and through his Guardian ad Litem, Bessie H. Nelson, Plaintiff and Appellant,**

v.

**Julian GREEN, Roy City Police Chief, and Wilson Allen, Sheriff of Weber County, Defendants and Respondents.**

No. 11941.

Supreme Court of Utah.

Jan. 6, 1971.

Henriod, J., dissented and concurred in part and filed opinion. Callister, C. J., dissented and filed opinion.

L. G. Bingham, Ogden, for plaintiff and appellant.

Richard Thornley, Roy City Atty., Roy, D. Jay Wilson, Weber County Atty., Ogden, for defendants and respondents.

ELLETT, Justice:

The appellant was convicted of drunk driving in violation of Roy City ordinances. He was sentenced by the Roy City Court to serve time in jail. Thereafter he filed a petition in the District Court for a writ of habeas corpus. The writ was denied and he prosecutes this appeal.

The only assignment of error is that the Roy City Court had no jurisdiction to try the appellant or to sentence him to jail since he was a minor.

This issue was disposed of in the case of Dimmitt v. City Court of Salt Lake City, 21 Utah 2d 257, 444 P.2d 461. There was a lack of unity in the ruling in that case. Two justices thought that the city court had concurrent jurisdiction with the juvenile court in the matter; one justice thought the city court had exclusive jurisdiction of the matter; one dissenting justice held that the juvenile court had exclusive jurisdiction; the fifth justice neither concurred nor dissented, saying "this case represents no case law."

A majority of the justices of this court held in that case that the city court did have jurisdiction to try juveniles charged with traffic offenses under city ordinances.

As to his being sentenced to jail the appellant cites statutes from the code which set forth and limit the authority of the juvenile court.[1]

By Section 10–8–84, U.C.A.1953, the city courts are given power to enforce obedience to their ordinances by fine and imprisonment.

In the Dimmitt case, cited above, it was said, "* * * Minors must be at least 16½ years of age before driving. In doing so they are exercising the privileges of adults, and in the interest of uniformity of law enforcement and equality of treatment *they should be treated as adults.* * * *" (Emphasis added.)

After denying relief to the appellant in this case the trial judge ordered as follows:

The court hereby directs the sheriff, that he must honor any act or accept any order concerning this prisoner which is issued by the juvenile court in connection with the supervision including the release or taking over of the general supervision of the confinement.

We are not here concerned with that part of the order as the juvenile court judge has not undertaken to overrule the judgment of the Roy City Court.

The judgment of the District Court in refusing to grant the writ of habeas corpus is affirmed. No costs are awarded.

TUCKETT and CROCKETT, JJ., concur.

HENRIOD, Justice (dissenting and concurring in part):

I dissent, although I concur in that part of the main opinion refusing to grant the writ, and I concur in the dissenting opinion of Mr. Justice Callister with respect to the statutes controlling here. I think the case should be remanded for compliance with those statutes. This case is not one so much ado about jurisdiction, but one as to where the sentence should be served. The ordinance covering the offense is not under attack. The young man was guilty of drunk driving, and punishable for that offense. Had he killed someone he would have landed in prison. In a recent case we held that a 13-year-old minibike rider was responsible in a civil personal injury case as an adult,[1] and I have difficulty in distinguishing any different public policy by putting a 16½-year-old drunken driver in a foster home, but a 19-year-old drunken driver in the county jail. Under the particular facts of this case I am in favor of upholding the Roy City Court's sentence to be served in the Weber County Jail. Fur-

1. Title 55, Chap. 10, Secs. 64(5), 79, 91, 92 and 104, U.C.A.1953 (1969 Pocket Supp.).

1. Stevens v. Salt Lake County, 25 Utah 2d 168, 478 P.2d 496, 1970.

thermore, I think this action by petition for writ of habeas corpus is in apropos and should have been pursued by a regular appeal, since I cannot see where the defendant has been illegally held.

The main opinion does not solve much since, under its provisions, the case would be returned to the trial court under highly confused circumstances, where the trial court ordered the sheriff to accept the prisoner and execute the sentence, but to do whatever the Juvenile Court orders him to do where the Juvenile Court has shown no interest in the case yet, and may or may not order something or nothing, today, tomorrow, next week or never.

This case is about as confusing as Dimitt v. City Court of Salt Lake City. It is high time that the legislature coordinate the functions of the courts as they apply to juveniles, and eliminate the overlapping inconsistencies between the juvenile court and general legislation, since it is becoming increasingly more nearly impossible to reconcile the duplications that have complicated treatment of juveniles by two or three different and independent socio-judicial approaches to the same problem.

1. 21 Utah 2d 257, 261–262, 444 P.2d 461 (1968).

2. Sec. 55–10–86 concerns persons 14 years or older, who have allegedly committed

CALLISTER, Chief Justice (Dissenting):

I dissent for the reasons set forth in my dissent in Dimmitt v. City Court of Salt Lake City.[1] The consequences of the previous error of this court in the Dimmitt case now become apparent and in the instant action. If a city court has jurisdiction to try a juvenile for a traffic offense, logically, it has the power to impose sentence, which may include confinement in jail for a period of six months.

The Juvenile Court Act of 1965, Chapter 10, Title 55, U.C.A.1953, as amended 1965 expresses a clear legislative intention that a child 16 years or older may not be confined in a jail or other place of confinement for adults without an express order of the juvenile court, which shall specify the reasons therefor, Section 55–10–91(3); unless the child is being held for criminal proceedings pursuant to Section 55–10–86, in which case, he may be detained in a jail or other place of detention used for adults charged with a crime, Section 55–10–91(5).[2]

Section 55–10–92 provides:

*A sheriff, warden, or other official in charge of a jail or other facility for the detention of adult offenders or persons*

an act which would constitute a felony if committed by an adult.

*charged with crime, shall immediately notify the juvenile court when a child who is or appears to be under eighteen years of age is received at the facility, and shall make arrangements for the transfer of the child to a detention facility, unless otherwise ordered by the juvenile court;* provided that this shall not apply to a child who is brought to the adult facility under order of the juvenile court to be held for criminal proceedings in the district court under section 55–10–86. [Emphasis added.]

The foregoing provision constitutes a legislative mandate that a juvenile shall not be detained in jail or an adult facility without an order of the juvenile court. The opinion of the majority of this court is completely inconsistent with this provision. The official in charge of the jail is confronted with a dilemma; on the one hand, the city court has ordered confinement of the prisoner in the jail; on the other hand, the jailer is ordered by statutory mandate to arrange a transfer of the child, unless otherwise ordered by the juvenile court. It is inconceivable that on the tenuous grounds propounded by the majority, a legislative intention, expressed in mandatory terms, could be nullified.

This cause should be reversed and remanded to the district court with an order to grant the writ of habeas corpus.