STATE of Utah, In the Interest of Nathan David MORGAN, a person under 18 years of age, Nathan David Morgan, Appellant.

No. 13542.

Supreme Court of Utah.

Dec. 17, 1974.

David B. Havas, Ogden, for Nathan David Morgan.

Vernon B. Romney, Atty. Gen., M. Reid Russell, Asst. Atty. Gen., Salt Lake City, for State of Utah.

CALLISTER, Chief Justice:

Juvenile Morgan was issued a traffic citation for exceeding the speed limit. His parent was notified of a hearing in the Juvenile Court for this traffic violation. Legal counsel representing the minor invoked the statutory procedure provided in Section 77–45–13, U.C.A.1953, to secure the attendance of an out of state witness, namely, Eugene Begay of Arizona, who allegedly was present in the vehicle and observed the speedometer at the time of the alleged violation. Defense counsel further sought the State to pay the travel expenses of the witness to and from Arizona. The Juvenile Court issued the certificate for the attendance of the witness but denied the authorization of payment of the fees by the State. Juvenile Morgan appeals therefrom and urges that under Section 77–45–14, U.C.A. 1953, the State must pay the witness his per diem and mileage fees.

Section 77–45–14, U.C.A.1953, upon which Morgan relies concerns by its specific provisions, the tender and payment of fees "to obtain the attendance of a *witness for the prosecution*." (Emphasis added.) Furthermore, Sections 77–45–13 and 14, U.C.A.1953, are confined to criminal prosecutions in a court of record. Although the Juvenile Court is a court of record, the legislature has provided a separate procedural structure for cases involving violation of motor vehicle laws.[1] When the Juvenile Court adjudicates a violation of a traffic law, its function is analogous to a city court, which has been held to have concurrent jurisdiction with the Juvenile Court.[2] The provisions of Sections 77–45–13, 14 U.C.A.1953, are not applicable in a Juvenile Court proceeding involving a traffic violation. The judgment of the Juvenile Court is affirmed.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. See Sections 55–10–83(3); 55–10–96; 55–10–105(2), (3), (4), (5), U.C.A.1953, as amended 1965.

2. Dimmitt v. City Court of Salt Lake City, 21 Utah 2d 257, 444 P.2d 461 (1968).