**STATE of Utah, In the Interest of: L. G. W., A Person Under Eighteen Years of Age.**

**No. 17689.**

Supreme Court of Utah.

Nov. 3, 1981.

William W. Downes, Jr., Salt Lake City, for appellant.

David L. Wilkinson and Sharon Peacock, Salt Lake City, for respondent.

HALL, Chief Justice:

The issue presented by this appeal is whether the order of the Second District Juvenile Court which temporarily committed appellant L. G. W. to the Utah State Youth Development Center (hereinafter "Y. D. C.") was violative of due process.

The juvenile court acquired jurisdiction of appellant by virtue of its October 8, 1980, adjudication that he had violated the provisions of U.C.A., 1953, 76–5–404(1) by taking indecent liberties with a female person, and that he had also violated U.C.A., 1953, 76–9–702(1) by exposing his private parts in a public place.

The court initially placed appellant at the Utah State Hospital for treatment. Subsequently, on December 10, 1980, the court reviewed the matter and committed appellant to the Y. D. C., but stayed the commitment until December 19, 1980, at which time a further stay was granted until January 20, 1981. On that date, the court adju-

dicated that appellant had since violated U.C.A., 1953, 76–6–404 by depriving another of property. The court then entered an order which reads, in pertinent part, as follows:

> ... that said child be committed to the Youth Development Center for care and treatment; he is hereby *granted a stay of execution on the commitment from day to day* pending further Court order. The Court orders that [appellant] be in therapy with Dr. Cole. FURTHER, the Court orders that said child be *placed on probation* under the supervision of the West Valley Probation Unit and directed to comply with the following conditions:
> 1. Stay out of trouble of all kinds;
> 2. Obey all reasonable requests of his parents;
> 3. Be in regular attendance at school and/or employment;
> 4. See his probation officer as he/she shall direct.
> The Court takes other disposition on this matter under advisement until Feb. 19, 1981 and directs the West Valley Unit to prepare recommendations. [Emphasis added.]

The court reviewed the matter on February 19, 1981, and appellant was present, with counsel, and accompanied by his parents. It was reported by the probation officer that appellant was not attending school, was not working, and although he was seeing his counselor (Dr. Cole), he was not doing so on a regular basis. The court continued its prior stay and set the matter for further review on March 17, 1981.

At the March 17 hearing, appellant was again present, with counsel, and accompanied by his parents. The report of the probation officer at that time revealed that appellant was still in violation of his conditions of probation in that (1) he was not in school or working; (2) he was not cooperat-

ing with Dr. Cole; and (3) although he was seeing his probation officer regularly, appellant was not making an effort to benefit from therapy and was going to therapy only because he had been ordered to do so.

The court invited the participation of appellant, his counsel, and his parents, but only counsel made a presentation. He did not deny that appellant was not performing the conditions of probation. Instead, he contended that appellant had now enrolled in school scheduled to begin shortly, had prospects of a job, and although he had dropped out of therapy, he was now willing to recommence therapy. He also suggested that a further evaluation at Y. D. C. would serve no useful purpose. The court determined otherwise, but rather than revoke probation, it temporarily committed appellant to the Y. D. C. for a 30-day period, continuing the matter for further disposition until April 17, 1981.

It is elementary that no person shall be deprived of life, liberty or property, without due process of law.[1] Consistent with the principles of due process, the Juvenile Court Act of 1965[2] provides, in pertinent part, as follows:

> ... no modification of an order placing a child in probation shall be made upon an alleged violation of the terms of probation, until there has been a hearing after due notice to all persons concerned.

In depriving a person of life, liberty or property, the essentials of due process are: 1) the existence of an appropriate tribunal; 2) inquiry into the merits of the question presented; 3) notice of the purpose of the inquiry; 4) opportunity to appear in person or by counsel; 5) fair opportunity to be heard; and 6) judgment rendered in the record thus made.[3]

The record in the instant case reflects that appellant was afforded the full

---

1. Article I, Section 7, Constitution of Utah; Amendment XIV, Section 1, Constitution of the United States.

2. U.C.A., 1953, 78–3a–45.

3. *Christiansen v. Harris*, 109 Utah 1, 163 P.2d 314 (1945); see also, *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

benefit of due process. At the January 20, 1981, hearing, the court imposed specific terms of probation and stayed the commitment to Y. D. C. "from day to day pending further order of the court." Subsequent to the hearing, a written copy of the court's order which incorporated the terms and conditions of probation, and the stay of commitment based thereon, was delivered to counsel for appellant.

At the February 19, 1981, hearing, appellant was apprised of the undisputed fact that he was not abiding by the terms and conditions of the day-to-day stay of his commitment to Y. D. C. in that he: 1) was not attending school; 2) was not working; and 3) was not reporting to his counselor on a regular basis. At the hearing that followed on March 17, 1981, it was alleged, without contravention, that appellant still was not in compliance with the terms and conditions of probation.

It is thus to be seen that appellant had both oral and written notice of the alleged probation violations, that evidence of such was presented for a second time at the March 17 hearing, at which time he had ample opportunity to be heard, to confront those appearing against him, and also to present such evidence as he desired. However, not only did he not deny the allegations against him, he offered no evidence, claimed no surprise, and made no request for further time to prepare to meet the allegations that the terms and conditions of probation had been ignored. He simply sought to impress upon the court that he had *future* intentions of complying with the court's order.

In an apparent effort to gain the attention of appellant and to point out the error of his ways, the court determined, without revoking his probation, to temporarily commit him to the Y. D. C. for a 30-day period. In so doing, the court did not infringe upon the rights of due process.

Affirmed.

STEWART, HOWE and OAKS, JJ., and DON V. TIBBS, District Judge.