**STATE of Utah In the Interest of L. G. W., A Person Under Eighteen Years of Age.**

No. 17417.

Supreme Court of Utah.

Jan. 22, 1982.

tained on the basis of a finding that the juvenile committed the lesser included offense of lewdness, U.C.A., 1953, § 76–9–702.

Undisputed testimony received at the hearing established that on July 18, 1980, at approximately noon, the complainant, an adult woman dressed in running shorts and a t-shirt, was jogging alone up City Creek Canyon in Salt Lake City. Three motorcycle riders in single file passed her, also going up the canyon. One of the riders turned his cycle and started slowly back down the canyon toward the complainant. As the motorcycle passed her at a distance of less than ten feet, the rider stood up on his cycle and called out: "Do you want to [here giving a crude description of an act of oral sex]?" Complainant did not respond, and kept on running up the canyon. After a short time, the motorcycle again approached her from the rear. As the cycle passed her at a speed of about five to ten miles per hour, the rider reached out and rubbed his hand along her buttocks. The complainant testified that she angrily "cussed" at the rider and said, "You jerk, you better get out of here." She could see no one else in the canyon at this time.

When the motorcycle went only a short distance up the road and then turned around again, the complainant became nervous and turned around and began jogging back down the canyon. As the rider approached her the third time, he repeated his lewd invitation, and then rode his motorcycle alongside her as she jogged down the canyon. Complainant was finally able to flag down a passing motorist and ask for help. The motorcyclist having departed by this time, the motorist went to the bottom of the canyon and summoned the police. Complainant gave them the motorcycle's license number, which they traced to the juvenile. Complainant identified the juvenile as the motorcycle rider whose actions she had described. After a hearing, the juvenile court found the juvenile subject to

David L. Wilkinson, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for State.

William W. Downes, Jr. of Collard, Kuhnhausen, Pixton & Downes, Salt Lake City, for juvenile.

OAKS, Justice:

This is an appeal from an order finding a 17-year-old juvenile subject to the jurisdiction of the juvenile court pursuant to U.C.A., 1953, § 78–3a–1, for violating a state law, U.C.A., 1953, § 76–5–404, which defines the crime of forcible sexual abuse. In this appeal, the juvenile challenges the sufficiency of evidence in support of the court's adjudication.[1] The disposition of that issue requires us to consider whether the juvenile court's jurisdiction can be sus-

1. In another case, this same juvenile has also been found subject to the jurisdiction of the juvenile court for violations of state laws forbidding forcible sexual abuse, theft, and lewd-

ness. U.C.A., 1953, §§ 76–5–404(1), 76–6–404, and 76–9–702(1). *State in re L.G.W.*, Utah, 638 P.2d 527 (1981).

its jurisdiction because he had violated the law forbidding forcible sexual abuse.

## I.  FORCIBLE SEXUAL ABUSE

■ So far as pertinent to the facts of this case, U.C.A., 1953, § 76–5–404 defines the crime of forcible sexual abuse, a felony of the third degree, as follows:

A person commits forcible sexual abuse if, under circumstances not amounting to rape or sodomy, or attempted rape or sodomy, the actor touches the anus or any part of the genitals of another, *or otherwise takes indecent liberties with* another, ... with intent to cause substantial emotional or bodily pain to any person or with the intent to arouse or gratify the sexual desire of any person, without the consent of the other.... [Emphasis added.]

In *State in re J. L. S.*, Utah, 610 P.2d 1294 (1980), a juvenile had approached a motel maid from the rear while she was cleaning a bathtub, putting his hands on her clothed breasts. Construing the term "indecent liberties" in § 76–5–404, this Court held that the brief touching of clothed breasts did not constitute the felony of forcible sexual abuse. "Indecent liberties" included only "conduct of the same magnitude of gravity" as touching "the anus or genitals of another...." *Id.* at 1296. Under that precedent and principle, we hold that the touching involved in this case did not constitute the felony of "taking indecent liberties" as defined in § 76–5–404. If the brief touching of a clothed breast does not constitute that crime, as we held in *J. L. S., supra*, we are unable to see how the brief touching of a clothed buttocks is any more felonious. Consequently, the jurisdiction of the juvenile court cannot be based upon the juvenile's commission of the act forbidden in U.C.A., 1953, § 76–5–404.

## II.  JUVENILE COURT JURISDICTION

That holding does not dispose of this case. This is not a criminal prosecution, where the issue is the appropriateness of the imposition of criminal penalties. The issue in this case is the sufficiency of evidence and the regularity of procedures leading to a judgment that a juvenile is subject to the jurisdiction of the juvenile court. In the exercise of its "equitable powers," U.C.A., 1953, § 78–3a–44, that court has the authority to impose corrective measures appropriate to the circumstances of the juvenile and the gravity of his or her behavior. U.C.A., 1953, § 78–3a–39. Consistent with equitable principles, the informal and flexible procedures of the juvenile court must be shaped to avoid teaching impressionable youth the destructive lessons that the legal system with which they have come in contact (1) is indifferent toward a juvenile's commission of criminal acts, on the one hand, or (2) is unconcerned with fair procedures and just results, on the other.

In this case, the evidence shows juvenile behavior that was repulsive, intimidating, and, as will appear, criminal. The juvenile court should not allow such behavior to escape unscathed, or the responsible juvenile and those who observe his encounter with the law will be reinforced in reprehensible conduct and in diminished respect for law and the good order of society.

## III.  DUE PROCESS AND LESSER INCLUDED OFFENSE

The complaint filed against this juvenile charged an offense—forcible sexual abuse—which, according to this Court's interpretation of the criminal statute, the juvenile did not commit. On this record, can the juvenile be found subject to the jurisdiction of the juvenile court because he has committed a lesser criminal offense, or would such a finding violate the due process guarantees that are binding on this Court and the juvenile court in such matters?

■ It is well settled that juvenile court procedures must conform to the fundamental requirements of due process and fair treatment. *State in re Lindh*, 11 Utah 2d 385, 359 P.2d 1058 (1961); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (notice, retained or appointed counsel, confrontation, cross-examination, and

privilege against self-incrimination); *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) (double jeopardy); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (proof beyond a reasonable doubt). (The essential elements of due process are summarized in *State in re L. G. W.*, Utah, 638 P.2d 527 (1981).) Subject to that important qualification, however, it is also well settled that the "informal and flexible" procedures of the juvenile court need not "conform with all of the requirements of a criminal trial . . . ." *In re Gault*, 387 U.S. at 30, 87 S.Ct. at 1445, quoting from *Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 1057, 6 L.Ed.2d 84 (1966); *In re Winship*, 397 U.S. at 359, 90 S.Ct. at 1069; *State in re Lindh*, 11 Utah 2d at 386–87; 359 P.2d at 1059. For example, there is no constitutional right to a trial by jury in the juvenile court, even where the court is adjudicating charges on which an adult would have a right to trial by jury. *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).

■ The only due process requirement that seems to offer any basis for challenging a judgment sustaining the jurisdiction of the juvenile court on a finding that the juvenile has committed a lesser offense that is included in the offense charged in the complaint is the requirement of notice. The United States Supreme Court has defined that requirement to include a writing notifying the child and his parents or guardian "of the specific charge or factual allegations to be considered at the hearing . . . ." *In re Gault*, 387 U.S. at 33, 87 S.Ct. at 1446. A juvenile given that kind of notice, which was given in the complaint in this case, is aware that he is accused of committing each element of the offense named in the complaint. If proof fails on any particular element, there is no lack of notice or other unfairness in a finding that the juvenile has violated a lesser included offense consisting entirely of some remaining elements of the offense or act charged in the complaint.

2. The district and Supreme courts have a comparable power by statute in criminal cases.

Such a finding was entered in *State in re Besendorfer*, Utah, 568 P.2d 742 (1977). There, the juvenile had been charged with aggravated assault. Finding insufficient evidence of intent to cause serious bodily injury, this Court declined to sustain the adjudication on that charge. However, finding that there was "evidence to sustain a finding of an assault as set forth in § 76-5–102(1)(a), a lesser included offense of aggravated assault," this Court affirmed the juvenile court's conclusion that the juvenile was within its jurisdiction. *Id.* at 745.

■ This Court has its broadest scope of appellate review in an appeal from the exercise of equity powers. This includes appeals from the juvenile court. *State in re K. K. H.*, Utah, 610 P.2d 849 (1980). In such appeals, the Supreme Court is empowered to review the facts as well as the law, and to modify the remedies as appropriate. Utah Const., Art. VIII, § 9; Utah R.Civ.P. 72(a). That broad scope of review gives this Court the same power the juvenile court has to find a juvenile subject to the jurisdiction of the juvenile court where he has not committed the offense charged in the complaint but has committed a lesser included offense. *State in re Besendorfer, supra.*[2]

■ Our criminal practice provides that a defendant may be convicted of a lesser offense included in the offense charged when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged . . . ." U.C.A., 1953, § 76-1–402(3)(a). Also, see U.C.A., 1953, § 77-35–21(e). In a recent review of our decisions on this subject, we concluded: "In order to be a 'lesser included offense,' the elements of the lesser offense must necessarily and always be included within the elements of the greater offense." *State v. Williams*, Utah, 636 P.2d 1092, 1096 (1981).

U.C.A., 1953, § 76-1–402(5).

## IV. LEWDNESS

According to that standard, one of the three types of acts defined as lewdness, a class B misdemeanor, is a lesser included offense of forcible sexual abuse. U.C.A., 1953, § 76–9–702 provides as follows:

A person is guilty of lewdness if he [1] fornicates, [2] exposes his genitals or private parts, or [3] *performs any other act of gross lewdness* under circumstances which he should know will likely cause affront or alarm or does any such act in a public place. [Emphasis added.]

At common law, the crime of lewdness consisted of the irregular indulgence of lust or other sexually oriented behavior that is indecent or offensive in a public place. 50 *Am.Jur.2d* "Lewdness, Indecency and Obscenity" § 1 (1970); 53 *C.J.S.* "Lewdness" § 1 (1948). As codified in modern statutes, the requirement that the proscribed conduct be observed in a public place has sometimes been omitted or supplemented by some alternative.[3] Thus, § 76–9–702 proscribes three types of acts, followed by two alternative requirements, one of which must be met with respect to each type of act. To constitute lewdness under this section, the defendant must have performed one of the three types of acts *either* (1) "in a public place," or (2) "under circumstances which he should know will likely cause affront or alarm . . . ."

■ Uncertainties about the perimeters of the common-law definition of lewdness have also resulted in some lewdness statutes being held void for vagueness.[4] That objection could be leveled against the third type of act proscribed in this statute ("any other act of gross lewdness"), unless we construe that language to put limits to its otherwise vague connotations. Pursuant to our obligation to construe a statute, wherever possible, to avoid constitutional infirmities such as vagueness and overbreadth, *In re Nelda Boyer*, Utah, 636 P.2d 1085 (1981), we are obliged to seek to construe a criminal statute to give specific content to terms that might otherwise be unconstitutionally vague. *Braxton v. Municipal Court*, 10 Cal.3d 138, 514 P.2d 697, 109 Cal.Rptr. 897 (1973). Faced with this problem as to the meaning of a California criminal statute, the Supreme Court of that state recently defined "lewd conduct" in terms that limited it to "conduct which involves the touching of the genitals, buttocks or female breast . . . ." *Pryor v. Municipal Court for Los Angeles*, 25 Cal.3d 238, 256, 599 P.2d 636, 647, 158 Cal.Rptr. 330, 341 (1979). We think the court should also have specified a touching of the anus, but with that addition we follow *Pryor v. Municipal Court, supra,* and adopt its quoted description as a definition of the term "gross lewdness" in § 76–9–702.[5]

■ The type of touching with the intent of causing substantial emotional or bodily pain penalized in the felony of forcible sexual abuse, U.C.A., 1953, § 76–5–404, quoted earlier, will necessarily and always include the misdemeanor of performing "an act of gross lewdness [as defined above] under circumstances which he should know will likely cause affront or alarm." Consequently, this type of lewdness is a lesser included offense of the felony of forcible sexual abuse. *State v. Williams, supra.*

■ The record in this case leaves no reasonable doubt that the juvenile performed "an act of gross lewdness" as defined above, in violation of § 76–9–702. After inviting the complainant to commit an act of oral sex upon him, he forcibly rubbed his hand along her buttocks. The evidence is ample to persuade that he did so "under circumstances which he should [have known would] likely cause affront or

---

3. E.g., *State v. Jones*, 2 Conn.Cir. 698, 205 A.2d 507 (1964); *State v. Kocher*, 112 Mont. 511, 119 P.2d 35 (1941).

4. E.g., *State v. Kueny*, Iowa, 215 N.W.2d 215 (1974); *District of Columbia v. Walters*, D.C., 319 A.2d 332 (1974); *Morgan v. City of Detroit*, 389 F.Supp. 922 (E.D.Mich.1975).

5. We do not adopt the "public" or "presence" or "purpose" elements in the Pryor court's definition (not quoted here), since our own statute treats those subjects.

alarm." We therefore find on the basis of the record in this case that the juvenile committed the offense of lewdness, U.C.A., 1953, § 76–9–702, and is therefore subject to the jurisdiction of the juvenile court.

As modified by this finding, the juvenile court's order is affirmed, and this case is remanded to the juvenile court for the exercise of its jurisdiction consistent with this opinion.

DON V. TIBBS, District Judge, concurs.

HOWE, Justice, (concurring):

I concur in parts I, II, III of the majority opinion and in the result of Part IV that the juvenile was guilty of the included offense of lewdness. I reserve, however, any opinion as to what other conduct would or would not constitute lewdness, and especially reserve adoption of the definition enunciated in *Pryor v. Municipal Court for Los Angeles*, 25 Cal.3d 238, 158 Cal.Rptr. 330, 599 P.2d 636 (1979), approved by the majority opinion.

HALL, Chief Justice, (concurring in the result):

The Court's determination that "lewdness" is a lesser included offense of "forcible sexual abuse" reaches a far better result, and thus alleviates part of the mischief of the holding in *State in the Interest of J. L. S.*[1] However, I deem it unnecessary to reach so far. Rather, I take the view that *J. L. S.* does not stand as precedent in the instant case because the two cases are distinguishable factually.

In *J. L. S.*, the Court concluded that the defendant's conduct was "simple offensive touching," which the legislature had failed to proscribe, reasoning that:

> The momentary touching or grabbing of the clothed breasts of an adolescent girl by a seventeen year old boy does not come within the phrase "otherwise takes indecent liberties with another." This phrase cannot be interpreted under the present statutory scheme as subsuming a

mere offensive touching *where the circumstances do not indicate conduct of sufficient gravity to be equated with the specific descriptions set forth in the statute.* Though the conduct of the defendant is not to be condoned, much less approved or admired, *there was in fact no touching in anger, no actual violence or injury, and he desisted immediately upon her request.* This, coupled with the fact no complaint was made about the matter for a week, leads us to the conclusion his misconduct should not reasonably be regarded as of the seriousness proscribed by the statute. [Emphasis added.]

The facts in the instant case are in sharp contrast with those in *J. L. S.* The victim was not assaulted in a relatively secure environment at her place of employment by an acquaintance who promptly ceased his offensive conduct upon request, as was the case in *J. L. S.* Rather, the victim was jogging alone, in an isolated canyon area, where she was assaulted by a stranger riding a motorcycle who refused to abandon his offensive conduct, causing the victim to seek the assistance of a passing motorist. Moreover, the defendant's conduct consisted of two crude solicitations of an oral sex act, coupled with the rubbing of the victim's buttocks. Such conduct cannot reasonably be regarded as only a "simple offensive touching." On the contrary, such conduct reasonably supports the conclusion of the juvenile court that defendant did indeed take "indecent liberties . . . with intent . . . to arouse or gratify the sexual desire."[2]

I would affirm the judgment of the juvenile court without modification.

STEWART, Justice, (concurring and dissenting):

I concur in Part I of the majority opinion but dissent from the remainder. L. G. W. was not found guilty of lewdness in the trial court. This Court now, *sua sponte*, finds him guilty of lewdness as a lesser included offense of aggravated sexual as-

---

1. Utah, 610 P.2d 1294 (1980).

2. The conduct proscribed by U.C.A., 1953, 76–5–404.

sault. The State has not contended that he is guilty of lewdness and the issue has not been briefed by either party. I think it a violation of due process for this Court, on its own motion, to hold L. G. W. liable for conduct constituting a crime (if it had been committed by an adult) without any chance to rebut the claim. It is all the more so because the majority takes its definition of lewdness from a California case which construed a lewdness statute different from Utah's. I think judicial limits have been crossed over in rewriting a statute in such a manner.

Nevertheless, there clearly is a serious hiatus in Utah law, as this case points out. Utah does not have a statutory provision which makes criminal that which is called a battery under the civil law. The conduct in the instant case clearly does not meet the standards of aggravated sexual assault as the majority opinion points out. I think it highly doubtful that the offensive conduct in this case constitutes lewdness under the Utah statute.

In all events, it would be appropriate for the Legislature to determine whether an amendment of the criminal code would be appropriate to prohibit highly offensive touching of another without consent.