421 P.2d 159

**Beverly HOWE, Plaintiff and Appellant,**

v.

**Walter JACKSON, dba Mercy Ambulance, Defendant and Respondent.**

No. 10570.

Supreme Court of Utah.

Dec. 14, 1966.

George B. Handy, Ogden, for appellant.

Jay E. Jensen, Christensen & Jensen, Salt Lake City, for respondent.

CROCKETT, Justice:

· Plaintiff, Beverly Howe, seeks recovery for personal injuries sustained in a collision between her pickup truck and the defendant's ambulance at the intersection of 12th Street and Wall Avenue in Ogden, Utah. Jury verdict, no cause of action.

On appeal plaintiff contends that the trial court should have ruled that the de-

fendant was negligent as a matter of law and allowed trial as to damages only; and that it erred in allowing the jury to consider whether the defendant's ambulance was operating as an emergency vehicle and thus in a privileged status with respect to obeying speed limits and traffic signals.

■ Where there is conflict we view the evidence in the light most favorable to the verdict and judgment.[1]

Defendant operates the Mercy Ambulance Service, located at Harrisville, a small town just northwest of Ogden. On the morning of September 6, 1964, in response to an emergency call he was going into Ogden. With siren operating and the red warning light atop the white ambulance flashing, he proceeded south along Wall Avenue. Meanwhile, the plaintiff with two teenage daughters in her pickup truck, was driving east on 12th Street. As she neared the intersection with Wall Avenue, the traffic light changed green for her. She says that she observed a third driver, James Martin, coming into the intersection from the east and had noticed a white car [this would be defendant's ambulance] coming from the north, but that she did not hear the siren or see the flashing red light on it, which other witnesses affirmed were operating. As defendant's ambulance approached he ˙slowed down from about 60 to about 40 miles an hour.

**1.** Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822.

In the intersection, it was struck in the left rear by the Martin truck and was propelled southwesterly in the intersection into the plaintiff's truck.

Recognizing the urgency and necessity of the service it renders, the legislature, by Section 41–6–14, U.C.A.1953, has exempted an "authorized emergency vehicle," while properly operating in the performance of its duty, from strict obedience to certain traffic regulations, including traffic signals and speed limits, provided that it sounds an audible signal by bell, siren or exhaust whistle and displays a red warning light visible for a distance of 500 feet.

In considering plaintiff's contention that the defendant does not qualify, certain other definitions are pertinent:

"Authorized emergency vehicle" is defined by Section 41–6–3(a) U.C.A.1953, as: "Vehicles of the fire department, police vehicles, and such *ambulances* and emergency vehicles of municipal departments or public service corporations as are designated or *authorized by the department or local authorities.*" (Emphasis added.)

"The department" is defined in Section 41–6–6(b), U.C.A.1953, as "The department of public safety of this state."

"Local authorities," is also defined in Section 41–6–6(h), U.C.A.1953, as "Every county, municipal, and other local board or body having authority to adopt local police regulations under the constitution and laws of the state."

Plaintiff argues that the defendant is (1) not a "public service corporation"; and (2) not authorized either by the Department of Public Safety or by the "local authority," i. e., Ogden City, wherein the collision occurred.

■ In approaching the problem thus presented, certain principles should be borne in mind relating to the interpretation and application of statutes. They are designed to prescribe general rules of conduct and thus are necessarily in general language. It is obviously not possible to foresee all situations to which they may apply and prescribe their application to the last detail. Therefore, when such problems arise a statute should be considered in the light of its background and purpose; and also in connection with other aspects of the law which have a bearing on the problem, in order that its intent and purpose be fulfilled.[2]

■ The term, "public service corporation" as used in Section 41–6–3(a), U.C. A.1953, referring to emergency vehicles undoubtedly results from the fact that such services are generally rendered by corporations. But there is no reason to believe that there was any intent to confer a privilege solely upon corporations and thus discriminate against an individual, a part-

2. Snyder v. Clure, 15 Utah 2d 254, 390 P. 2d 915.

nership or any other type of entity rendering such a service. Just as in most instances, when rights are conferred upon "persons," it also includes "corporations," [3] the converse is true: Where it is essential to give a statute a fair, reasonable and nondiscriminatory application, the use of the term "corporation" should be deemed to include "persons." [4] We thus conclude that inasmuch as the defendant is registered with the Public Service Commission as a common carrier of passengers, he would have the same rights as a corporation rendering a similar public service.

■■ The challenge to the defendant's emergency status because he was not under proper grant of authority is likewise unpersuasive. The requirement is that his service be authorized either by "the department," *or* by "local authorities." He is licensed by Harrisville and by Roy, small towns in the vicinity westward of Ogden. They certainly come within the definition of "local authorities." We are therefore unable to see any justification for an argument that the defendant's ambulance service, which is licensed by these two towns and registered with the State Public Service Commission is not an authorized operation. This is not obviated by the fact that the accident occurred within Ogden, where

he is not licensed. The practical aspects of ambulance service make time and speed of its essence. In outlying towns, it is often necessary to take a patient in a critical condition to a distant city where superior medical and hospital services are available. It would be impractical to require the ambulance to be licensed by every town it may have to pass through. If authorized by its local authority it has the right to use the highways of the state with the emergency privileges provided by law.

■ Under the evidence as we see it, the action of the trial court in submitting the questions of the defendant's negligence and plaintiff's contributory negligence was well advised. Consistent with the principle that the standard of ordinary reasonable care continues to obtain in all circumstances, he adequately safeguarded the interests of the plaintiff by instructing the jury that even if the defendant's ambulance was being properly operated as an emergency vehicle, and thus exempted from heeding speed limits or traffic signals, he was nevertheless not excused from using reasonable care under the circumstances, and that any careless, arbitrary or unreasonable exercise of those privileges would be negligence.[5] Similarly, it was made plain to the jury that plaintiff, going

3. See Sec. 41–6–6(c), U.C.A.1953, of the same act, which states: "Persons." "Every natural person, firm, copartnership, association or corporation"; 18 Am.Jur.2d, Corporations, § 22.

4. Van Dyke v. Geary, 244 U.S. 39, 37 S.Ct. 483, 61 L.Ed. 973 (1917); Gremillion v. Louisiana Pub. Service Comm., 186 La. 295, 172 So. 163.

5. Jensen v. Taylor, 2 Utah 2d 196, 271 P. 2d 838.

into an intersection with the traffic light in her favor, had the right of way, which she could rely on until something appeared to warn her to the contrary;[6] yet she also could not rely upon such right heedlessly, but must continue to exercise due care under the circumstances. The case appears to have been fully and fairly tried and presented to the jury, and we have found no error which would justify reversal of the judgment.[7]

Affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and CALLISTER and TUCKETT, JJ., concur.

McDONOUGH, J., heard the arguments but died before the opinion was filed.

6. Johnson v. Maynard, 9 Utah 2d 268, 342 P.2d 884.

7. See Hales v. Peterson, footnote 1 above.