Joyce **HEDER**, Plaintiff and Respondent,

v.

The **STATE** of Utah et al., Defendants and Appellants.

No. 14180.

Supreme Court of Utah.

May 18, 1976.

---

1. Sec. 20–1–1, Revised Ordinances of Salt Lake City.

2. Sec. 20–3–1(2), Revised Ordinances of Salt Lake City.

3. Sec. 20–3–2.

4. 117 Utah 315, 215 P.2d 616 (1950).

5. 541 P.2d 1124 (Utah 1975).

Vernon B. Romney, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants and appellants.

Wendell E. Bennett, Salt Lake City, for plaintiff and respondent.

BALLIF, District Judge:

The district court granted partial summary judgment finding that the plaintiff, (respondent in this court), hereinafter referred to as plaintiff, was as a matter of law, ". . . on January 31, 1973, a covered employee under the Merit Act of the State of Utah, which, through its amendments in 1971 . . . incorporated official court reporters serving the district courts in the State of Utah into the Merit System of the State of Utah. . . ."[1]

The issues reserved for trial by the order granting partial summary judgment concern damages claimed by plaintiff as a result of her termination. The State prosecuted this appeal seeking a reversal of the trial court's ruling and a determination by this court that plaintiff was not a covered merit employee and not subject to the State merit system.

Plaintiff's problems arose because of the retirement of the judge who had appointed her many years earlier as his reporter, but upon his retirement, his successor preferred to work with another reporter, and on January 31, 1973, plaintiff was terminated since no other such position was available. A request for a hearing by the merit council was denied and claiming a violation of Section 67–13–6(a)(8) and 67–13–6(g), U.C.A.1953, as amended, plaintiff filed suit in the district court and the cases now before this court pursuant to the State's appeal of the district court's ruling in plaintiff's favor.

Although there may be some question as to the procedure employed by plaintiff in filing an action in the district court seeking a determination of plaintiff's merit status and for relief in the nature of damages

---

1. Order Granting Plaintiff's Partial Summary Judgment, R-2.

for lost salary,[2] since the parties and the district court considered this case from the standpoint of what was intended by the legislature in its various enactments concerning the merit status of court reporters, we will consider this case as presented below.[3] In so doing we conclude that the matter must be remanded with the direction that plaintiff's complaint be dismissed since, what appears to be conflicting enactments by the legislature, are in fact reconcilable and disclose an intent that court reporters remain as the appointee of the district judge serving at his pleasure, and are not subject to the provisions of the merit system.

The language of legislation concerning the appointment and tenure of the court reporter has changed little since the first enactment creating the position.[4] The first change in the original enactment which provided that the district judge "employ and contract with the stenographer. . . ." came in the Laws of Utah 1919 Chapter 36, Section 1, where "shorthand reporter" was substituted for "stenographer," and later at Section 21–0–1, U.C. A.1943, the word "appoint" was substituted for the phrase "employ and contract with."

Thus since 1899, no change in substance of legislation concerning court reporters has occurred until the 1969 amendment, which is presently in force and provides:

> The court administrator shall appoint a certified shorthand reporter with the approval of the district judge to report the proceedings in each division of the district courts. The certified shorthand reporter shall hold office during the pleasure of the court administrator, and the district judge.[5]

Including the court administrator in the appointing process does not deprive the judge of the final say in selecting the individual for the position and therefore does not signal any change in the legislature's recognition of the necessity of the judge controlling this appointment.[6] The conclusion is therefore inescapable that unless

2. Section 67–13–3(a), U.C.A.1953, provides that the merit system council shall serve as a quasi-judicial authority handling appeals on matters including reduction of force. Section 67–13–14(d), U.C.A.1953 specifically provides that an aggrieved person may appeal the decision of a department head to the merit system council where a hearing will be held with the right to counsel and that the decision of the council will be final with ". . . no access to the courts." The record in this case does not reflect how far plaintiff pursued her remedies under the act. However, if the appropriate body refused to hear and decide her claim of coverage and improper termination her remedy would be to apply for an extraordinary writ under Rule 65B, U.R.C.P. to compel the council to have the hearing provided for by the act. Once these procedures are met, it is doubtful that resort to the courts would be denied plaintiff or the State on the issue of coverage.

3. *Crist v. Mapleton City*, 28 Utah 2d 7, 497 P.2d 633 (1972). The views of Justice Crockett in the dissent seem appropriate since the procedural question was not raised in the instant case.

4. Laws of Utah 1899, Chapter 72, Sections 1 and 2, which provides as follows:
   Section 1. *District Judge to Employ Stenographer.* The judge of a district court may employ and contract with a stenographer to report the proceedings of such court, in the manner and under the limitations hereinafter provided. In districts where there are two or more judges, each judge thereof may employ and contract with a stenographer.
   Section 2. . . . such contract shall further provide that the said stenographer shall hold his employment at the pleasure of the judge of the court appointing him . . . .

5. Laws of Utah 1969, Chapter 259, Section 1, Sections 78–56–1.1, U.C.A.1953, as amended.

6. The Statute is implemented by the court administrator finding certified shorthand reporters willing to serve as such for a particular district judge who then considers those tendered by the administrator until such time as he finds one suitable to him who is then employed. Since the "approval of the district judge" is required by the Statute, the reporter's tenure would terminate with that of the judge who "approved" his employment, and the process is repeated with the successor judge.

other legislation clearly indicates a contrary intention by a later enactment,[7] the above statute will control the issues of this case. The question of the extent to which the legislature could go in changing the statute, to eliminate the judges' control, without violation of the principle of separation of powers would not be reached unless legislation clearly showed such intent. Plaintiff contends such a contrary intent is manifest by legislation concerning the merit system.

The merit system for this State was established in 1965. The purpose of the act was ". . . to establish for the state a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, layoff, removal, discipline and welfare of its civil employees."[8] The term "civil employees" appears to be used as designating the individual component of the Civil Service which is defined in general as ". . . confined to function in the great administrative departments of state."[9] Further, the act provides that ". . . authority and responsibility for effective personnel administration shall be vested in the governor . . . to facilitate his general management of the executive branch."[10] The act further specifically provides exemptions from the act as follows:

Those [employees] in a personal and confidential relationship to elected officials and to heads of departments, agencies, and other major offices. . . .[11]

In the same enactment at a subsequent paragraph announcing exemptions from the act it is provided:

All members and employees of the judiciary of the State of Utah . . . .[12]

The above provision was deleted in the 1971 amendment to the merit system.[13]

Plaintiff places great significance in the deletion of the above provision. She points to this provision as the basis for exemption of court reporters prior to its repeal, and by repeal of the exemption a legislative intent to include ". . . all members and employees of the judiciary. . . ." within the system. However, it seems far more reasonable to construe the 1971 deletion as a recognition by the legislature that those who function in the judicial branch of government could not constitutionally be controlled by the executive branch of the government and that any express legislative exemption was improper since the legislature had no power over ". . . members and employees of the judiciary. . . ." in the area of job qualifications, selection, discipline, and tenure.[14] This seems further substantiated by the fact that the merit system act provides that ". . . those in personal and confidential relationship to elected officials. . . ." are exempt[15] and that this exemption has remained in the act and indeed is essential to prevent intrusion by the executive into the other departments of government.[16]

The history of legislation pertaining to the court reporter seems a tacit recognition

7. *Howe v. Jackson*, 18 Utah 2d 269, 421 P. 2d 159 (1966) ; *Nelden v. Clark*, 20 Utah 382, 59 P. 524 (1899) ; *Bateman v. Board of Examiners State of Utah*, 7 Utah 2d 221, 322 P.2d 381 (1958) ; *Pacific Intermountain Express Co. v. State Tax Commission*, 7 Utah 2d 15, 316 P.2d 549 (1957) ; *In re Utah Savings and Loan Association*, 21 Utah 2d 169, 442 P.2d 929 (1958).

8. Laws of Utah 1965, Chapter 131, Sections 1–14, Sec. 67–13–6 et seq. U.C.A.1953.

9. Black's Law Dictionary 3rd Edition.

10. Sec. 67–13–3(a)(b), U.C.A.1953, as amended.

11. Sec. 67–13–6(a)(4), U.C.A.1953, as amended.

12. Sec. 67–13–6(a)(8), U.C.A.1953, as amended.

13. Laws of Utah 1971, Chap. 183, Sec. 1.

14. *Howe v. Jackson*, 18 Utah 2d 269, 421 P. 2d 159 (1966).

15. Sec. 67–13–6(a)(4), U.C.A.1953, as amended.

16. Article 5, Sec. 1, Constitution of Utah.

by the legislature of the close personal and confidential nature of the reporter's relationship to the judge by continually affirming the necessity of the judge employing or appointing this position. That aspect of the legislation has never changed. Aside from what judicial notice may be legitimately indulged, it may be procedurally correct to remand this matter for hearings on the question of whether a reporter's relationship with the district judge is one of a personal and confidential nature. However, it is elementary that the court's decisions are based upon the evidence presented principally through the testimony of witnesses which the reporter notes and at the direction of the judge transcribes in conference, or in writing to assist the court in arriving at a decision. Also the decision is, in most instances, reduced to written form by the reporter and he, therefore, becomes aware of the outcome of a case prior to the time the decision is filed with the clerk of the court. This information, before its authorized release to attorneys and their clients, is sensitive, and if its confidential quality is not honored by the reporter serious consequences to the judicial process will result.

It is also noted that the many judges of this State are required to travel on circuit with their reporter for many hours, and the compatibility of personalities is essential if both judge and reporter on arrival at the courthouse are to approach the legal problems of the day with alert and untroubled minds. To permit rules promulgated by the personnel director at the direction of the governor to control this relationship could seriously impair the function and independence of the judicial system.

Since the legislation concerning court reporters' appointment and tenure is consistent with the exemptions of the merit act as to ". . . personal and confidential relationships. . . .", and since to hold otherwise would violate the principle of separation of powers, we conclude that the provisions of Section 78–56–1.1, U.C.A.1953, as amended, control as to the appointment and tenure of court reporters and that they, as officers of the judiciary, are appointed by and serve at the pleasure of the district judge.

The order of the district court granting partial summary judgment in favor of plaintiff is vacated, and the plaintiff's complaint is ordered dismissed.

HENRIOD, C. J., TUCKETT and MAUGHAN, JJ., THORNLEY K. SWAN, District Judge, concur.

ELLETT and CROCKETT, JJ., having disqualified themselves, do not participate herein.