**Filomena L. LEE and Jimmie Russell Lee, Plaintiffs, Respondents, and Cross-Appellants,**

**v.**

**MITCHELL FUNERAL HOME AMBU-LANCE SERVICE, a corporation, Defendant and Appellant,**

**Rudolph Sacco and Bessie Sacco, his wife, and State of Utah, Defendants and Cross-Respondents.**

Nos. 15961, 16052.

Supreme Court of Utah.

Jan. 30, 1980.

L. L. Summerhays of Strong & Hanni, Salt Lake City, for Mitchell Funeral Home.

Jackson Howard of Howard, Lewis & Petersen, Provo, for Lees.

Stuart L. Poelman, Salt Lake City, for the State.

Robert B. Hansen, Atty. Gen., Stephen B. Nebeker, Salt Lake City, for Saccos.

CROCKETT, Chief Justice:

Defendant Mitchell Funeral Home Ambulance Service appeals from jury verdicts and judgments entered thereon for injuries resulting to plaintiffs Jimmie Russell Lee and Filomena L. Lee in a collision while being transported in defendant's ambulance.

Defendant asserts that the trial court erred in refusing:

(1) to accord defendant the protections of the guest statute as to plaintiff Filomena Lee; [1]

(2) to instruct on sudden emergency; and

(3) to rule as a matter of law that the evidence was insufficient to find the defendant negligent.

On the night of November 23, 1974, Robert Etzel, who operates the defendant ambulance service in Price, answered a police call to come to a home on Locust Street in Helper. There had been an altercation in which plaintiff Jimmie Lee had received a stab wound in his stomach and on his arm and was being bandaged by the police. He was laid on the ambulance cot and placed in the ambulance. His wife Filomena got in the back part of the ambulance with him.

The ambulance proceeded southward toward Price at a speed variously said to be from 60–65 m. p. h. (so stated by Mr. Etzel) to 75 m. p. h. (testified to by Scott Lee Davies, a motorist whom the ambulance passed). The difficulty arose because of two cows loose on the highway. The first came from the west onto the highway and as the ambulance swerved to miss it, anoth-

---

1. Sec. 41–9–1, U.C.A.1953, which provides that a guest may not recover against a host driver unless the latter is guilty of intoxication or willful misconduct.

er cow came onto the highway from the east, result: crash, injuries to the plaintiffs and this lawsuit.

■ As to defendant's point (1) above, the problem may be stated thus: Filomena was either a guest, or she was a passenger for hire. A guest is one who is given a ride out of the generosity of the driver, usually out of friendship or other social considerations, and in which the rider gives no valuable consideration and the driver neither receives nor expects any. Whereas a passenger for hire is one whose ride is compensated for by the giving of some valuable consideration.[2]

■ The defendant's own testimony was that it was customary to allow an attendant, such as a relative or friend, to ride with an injured person in the ambulance without any extra charge. The fact is that having such a person present would be a benefit to both the injured person and to the ambulance service. We are in accord with the view of the trial court that, under the circumstances, this ambulance call was a business transaction, for which the defendant was being compensated, and that this included transportation of Filomena, who therefore should not be regarded as a guest under the tests above set forth.[3]

■ In regard to defendant's point (2), the writer is of the opinion that, as a trial judge, he would have given a requested instruction on sudden emergency, and would recommend that where any doubt exists, it should be resolved in favor of giving such an instruction. Nevertheless, our duty is to apply the rules as we see them in determining whether an injustice may have resulted. The trial court's analysis in justification of his action was that, from the physical evidence, there was no reasonable basis upon which it could be found that the defendant was confronted with a sudden emergency without fault on his part; and that, consequently, no such instruction could have any proper effect upon the determination of the issues. Supportive of that view is the proposition that a person may not get himself into a situation of emergency by his own careless or negligent conduct, and then claim advantage of the sudden emergency doctrine.[4]

■■ More important on this point however is the fact that we do not reverse a judgment merely because there may have been some error or irregularity. But we would do so only if it were such that there was a reasonable likelihood that, in its absence, there would have been a result more favorable to the complaining party.[5] We do not see that as being the circumstance here.

■ Defendant's point (3) challenges the sufficiency of the evidence to justify the submission of the question of his negligence to the jury. These comments are applicable: the evidence indicates some uncertainty as to whether Jimmie Lee's wounds were of sufficient seriousness to require hospitalization; and thus uncertainty as to the necessity of great speed of getting him there. Even in an emergency vehicle with its warning signals on, as they were, the driver cannot abandon all care, but is yet required to exercise reasonable care under the particular circumstances.[6] These include the usual duties to keep a lookout ahead, to drive at a reasonable speed and to keep the vehicle under such control as to guard against collisions and injuries. Whether under all of the circumstances, including the dark of night, the driving of the ambulance at 75 m. p. h. (which the jury could believe) defendant met that standard of care was a question of fact, which the trial court properly sub-

2. *Smith v. Franklin*, 14 Utah 2d 16, 376 P.2d 541.

3. *Cedziwoda v. Crane-Longly Funeral Chapel*, Tex., 283 S.W.2d 217.

4. See *Howard v. Ringsby Truck Lines*, 2 Utah 2d 65, 269 P.2d 295; *Curtis v. Blacklaw*, 66 Wash.2d 484, 403 P.2d 358.

5. Rule 61, U.R.C.P.; *Uptown Appliance & Radio Co., Inc. v. Flint, et al.*, 122 Utah 298, 249 P.2d 826, and in *Hales v. Peterson*, 11 Utah 2d 411, 360 P.2d 822.

6. *Jensen v. Taylor*, 2 Utah 2d 196, 271 P.2d 838; *Howe v. Jackson*, 18 Utah 2d 269, 421 P.2d 159.

mitted to the jury, and which was found adversely to the defendant.[7]

Plaintiffs have cross-appealed contending that the trial court erred in granting motions to dismiss as against defendants Rudolph and Bessie Sacco, who were alleged to own the cows, and the State of Utah for alleged negligence in not keeping them off the highway. We deem it sufficient to say that the trial court was justified in its view that there was not sufficient evidence of negligence on the part of either of those parties which might have been a causative factor in this accident to justify the submission of such issues to a jury; and that accordingly, the trial court's ruling thereon should not be disturbed.

Affirmed. Costs to plaintiffs (respondents).

MAUGHAN and HALL, JJ., concur.

WILKINS and STEWART, JJ., concur in result.

---

7. Plaintiffs are entitled to interest on their special damages at the rate of 8 percent per annum from the date of the occurrence of the act giving rise to this action, as provided in Sec. 78–27–44, U.C.A.1953 (as amended). See *Campbell v. Stagg,* Utah, 596 P.2d 1037.