[Crim. No. 672. Third Appellate District.—January 20, 1923.]

THE PEOPLE, Respondent, v. WM. McCURDY, Appellant.

[1] CRIMINAL LAW — VIOLATION OF SECTION 288, PENAL CODE — EVIDENCE.—In this prosecution under an information charging the defendant with the commission of lewd and lascivious acts upon and with the body of a female child under the age of fourteen years, the testimony, as a whole, if true (and the jury so regarded it), clearly showed that the conduct of the defendant toward the prosecutrix involved the commission of acts which section 288 of the Penal Code denounces as a felony.

[2] ID.—ESSENTIAL ELEMENTS—INTENT—EFFECT—EVIDENCE.—One of the essential elements of the offense denounced by section 288 of the Penal Code, if, indeed, not the real gist thereof, is in the intent with which the act is done or committed, and the intent may, of course, be betrayed by the nature of the act or any other circumstances which tend to discover a wicked state of mind in the perpetrator with reference to the act or acts; and whether the acts actually, or in point of fact, have the effect of arousing the passions or sexual desires of the party upon whom they are committed is immaterial.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. P. Talbot for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was convicted in the superior court of the county of Sacramento under an information charging him with the commission of lewd and lascivious acts upon and with the body of a female child under the age of fourteen years.   (Pen. Code, sec. 288.)

He made a motion for a new trial, which was denied, and he prosecutes this appeal from the judgment of conviction and the order denying him a trial *de novo.*

[1]   The sole point upon which the defendant relies for a reversal is that the evidence is insufficient to support the verdict.   The specific contention is that, conceding it to be true that the accused did all the acts which the prosecutrix testified that he committed upon her body, such acts were not of a nature to bring the defendant's conduct in committing them within the purview or the condemnation of section 288 of the Penal Code.

The crime charged was committed in the month of May, 1922, at which time the prosecutrix was approximately two months over the age of thirteen years, and resided in North Sacramento, in Sacramento County.   She testified that, on a Saturday early in the month of May, 1922, she was a passenger on the autostage running between the city of Sacramento and North Sacramento, and on her way to her home; that there were in that stage at the same time other passengers, of whom several were women; that the defendant, who then was a perfect stranger to her, boarded the stage near a railroad station known as Ben Ali, and took a seat beside her; that at a point a short distance from Ben Ali the women passengers left the stage, leaving as the only occupants thereof herself and the defendant and another man, whose name it was subsequently learned was J. C. Hornbeck; that immediately after the women passengers had left the stage, the defendant placed his hand on her leg and pinched it, or to use her own language: "He pinched it and felt of it."   He continued this conduct until the point was reached where she was to leave the stage; that, as she was

about to alight from the stage, the defendant preceded her to the ground and took hold of her under the arm, and "lifted" her to the ground; that, after reaching the ground, he held on to her elbow, and, after the stage had gotten a short distance from where they stood, he placed his hands around her and pressed her body to his, at the same time saying to her: "You are just old enough to feel good, aren't you?"  To this she replied: " 'I don't know,' and he said he knew."  She testified: "He told me to come up to his place some time and let him feel of my legs and breast, and love me up; and he said I was almost a woman," all this time still holding her body against his.  She stated that when he asked her to "come to his place some time," he pointed "up the road," and said that he "lived up there." She continued: "I pushed away from him, but he just held me deep in his arm, and then when he let me go, why I walked fast until I was out of his sight, and he kept calling up the road to me: 'Little girl, little girl,' and before I left, he told me not to tell my mother, and he said: 'Now, you will come up to my place, now won't you?'  And I told him I didn't think I would, and I started away from him, and then I walked along fast until I got off the side, and he kept calling 'Little girl, little girl'; and after I got on the side I started to run home."

The witness, Hornbeck, above named, testified that he saw the defendant place his hand on the girl's lap and leg while they were riding along.  He stated, in response to a question on cross-examination, that the familiarities taken by the defendant with the prosecutrix rather led him to suppose that the girl was a relative of the defendant—a granddaughter, perhaps.

The defendant admitted that he had never met or seen the prosecutrix prior to the day of the commission of the alleged acts, but positively denied that he hugged her or pressed her body against his.  He further denied saying to her that she was "just old enough to feel good," or that he invited her to visit his place some time for the purpose stated by the prosecutrix.  He would not say positively that, while in the autobus, he did not place his hand on her leg; nor would he likewise say that he did not request the prosecutrix not to tell her mother of the happenings described by the girl.  He further stated that it was possible that he

might have asked her not to tell her mother "something"; that he "might have told her anything," but that he had no recollection of making any such request of the prosecutrix; that there was no reason why he should have made such a request.

The above comprises a statement in substance of all the testimony given at the trial. It is not questioned here, nor could it be successfully, that, if the conduct of the defendant toward the prosecutrix involved acts which come within the ban of section 288 of the Penal Code, the testimony affords ample support to the verdict. Therefore, the single question is, as above stated, whether the acts committed by the defendant are such as are interdicted and penalized by the section named. Said section reads as follows: "Any person who shall willfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in part two (one) of this code, upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, or of such child, shall be guilty of a felony, and shall be imprisoned in the state prison not less than one year."

[2] One of the essential elements of the offense, if, indeed, not the real gist thereof, is in the *intent* with which the act is done or committed, and the intent may, of course, be betrayed by the nature of the act or any other circumstances which may tend to discover a wicked state of mind in the perpetrator with reference to the act or acts. Whether the acts actually, or in point of fact, have the effect of arousing the passions or sexual desires of the person upon whom they are committed, is immaterial. If the acts are of a lascivious nature and the intent is to arouse the passions or sexual desires of the party upon whom they are committed, then the crime is consummated. In the present case, the defendant, at the time of the occurrences responsible for his prosecution and conviction, was a stranger to the prosecutrix, they never having seen each other before; and judging from the testimony of the witness Hornbeck, he was so far her senior in years as to justify said witness in forming the opinion, from his conduct toward the prosecutrix, that he was her grandfather. Under these circumstances, the act of

the accused in feeling of and pinching the leg of the prosecutrix was of itself sufficient to suggest libidinous notions and perhaps to generate lustful desires in an infant of unmatured judgment and of little or no worldly experience.   But, even if that act alone cannot be held to be sufficient to show an evil intention in the defendant or to bring his conduct within the denunciation of the statute, it cannot be doubted that the acts subsequently committed by him upon the prosecutrix were not only of a lascivious nature but were such as irresistibly to lead to the conclusion that they were intended by the defendant to arouse in the prosecutrix lustful desires.   Indeed, if those acts in themselves were not such as plainly to show that his intention was thus to arouse the passions of the prosecutrix and so excite in her lustful desires, what he said to her at the time he got hold of her and pressed his body against hers clearly disclosed that those acts were committed with such intention.   In fact, what other motive or purpose or intent could have been in the mind of this stranger to the little girl in treating her as she described?   The question answers itself.

Our conclusion is that the testimony, as a whole, if true (and the jury so regarded it), clearly shows that the conduct of the defendant toward the girl involved the commission of acts which section 288 of the Penal Code denounces as a felony.

The judgment and the order are affirmed.

Burnett, J., and Finch, P. J., concurred.