[Crim. No. 780.   Third Appellate District.—September 30, 1924.]

# THE PEOPLE, Respondent, v. WILLIAM J. BRONSON, Appellant.

[1] CRIMINAL LAW — VIOLATION OF SECTION 288, PENAL CODE — ACTS PRECEDING ACCOMPLISHMENT OF SEXUAL INTERCOURSE—VERDICT.— In this prosecution for a violation of section 288 of the Penal Code, the acts committed by the defendant upon the naked body of the child immediately preceding the asserted accomplishment by him of the act of sexual intercourse with the child were such as to clearly bring his conduct in that particular within the condemnation of section 288 of the Penal Code, and the evidence was sufficient to support the verdict of guilty.

[2] ID. — INTENT TO ACCOMPLISH SEXUAL INTERCOURSE — EFFECT UPON PRECEDING ACTS.—In such prosecution, the fact, if it were a fact, that from the very beginning defendant intended to accomplish the act of sexual intercourse with the infant would not make the preceding acts with and upon her body any the less lewd and lascivious within the meaning and contemplation of section 288 of the Penal Code or his conduct in that respect any the less amenable to punishment therefor according to the terms of said section. If he did have illicit intercourse with the child he was under the evidence guilty of both offenses.

[3] ID.—ESSENTIALS TO CONVICTION.—All that is required to complete the crime defined by section 288 of the Penal Code is that the acts committed on the body of a child under the age of fourteen years are of a lewd and lascivious character and that the intention of the party committing them was thus to excite or arouse the sexual passion or desires of such party or of the party upon whose body they are committed or of both. Whether such passion or desires are thereby actually aroused by such conduct is not material; if they be so aroused in either or both, that fact, if it be shown, serves only as evidence of the intent with which the lewd or lascivious acts were committed.

[4] ID.—MOTION FOR ACQUITTAL—PROPER DENIAL OF.—In such prosecution, the trial court made no mistake in denying the defendant's motion for a directed verdict on the close of the people's case, or as the motion was really intended to mean, that the court advise the jury to acquit.

---

(1) 31 C. J., p. 1000, sec. 22.   (2) 31 C. J., p. 994, sec. 15.   (3) 31 C. J., p. 994, sec. 15.   (4) 31 C. J., p. 1000, sec. 22.

2.  See 16 Cal. Jur. 3.
3.  See 16 Cal. Jur. 5.
4.  See 8 Cal. Jur. 284; 26 R. C. L. 1071.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. John F. Pullen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clifford A. Russell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was convicted under an information filed in the superior court of Sacramento County of the crime defined by section 288 of the Penal Code, which reads as follows:

"Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year."

The defendant, having appealed from the judgment of conviction and the order denying him a new trial, makes the single point that the evidence without conflict shows that, if any crime was committed by the defendant at all, it was the crime of rape (Pen. Code, sec. 261, subd. 1) and not the crime denounced by section 288 of said code.

At the time of the commission of the crime charged in the information the female upon whom it is alleged to have been committed was a few weeks over the age of nine years, although the city physician, who subjected her to a physical examination within a few days after the offense is alleged to have been perpetrated, testified that she then was developed, sexually, to the age of about fourteen years. The testimony given by the child was principally that upon which the People relied to support the charge, albeit there was the testimony of the doctor as to evidence of irritation on her limbs, near the location of the private parts, and the

admission of the accused to the officers shortly after his arrest that he undressed the child on the occasion of his alleged misconduct with or toward her, and that he then kissed her chest a number of times and "bit her on the breast"— merely fatherly caresses, however, so he testified, and which he further said he had been in the habit of bestowing upon her.

No question of the legal competency of the child to testify as a witness is raised here. As to this, it is worthy of remark that, in the course of a rigid examination of the child preliminarily to placing her under oath touching her qualification to testify as a witness (see sec. 1880, Code Civ. Proc., subd. 2), she clearly showed that she fully appreciated the significance of giving testimony under oath and the evil consequences to one violating the sanctity thereof. In fact, so intelligently did she answer the questions propounded to her for the purpose of ascertaining whether she was, notwithstanding her age, legally qualified to testify in court that the attorney for the defendant stated that he was satisfied that she, by her answers, had fully met the test prescribed by subdivision 2 of section 1880 of the Code of Civil Procedure, *supra*, as determinative of the question whether an infant under the age of ten years was or was not qualified to testify as a witness in court.

The testimony of the little girl on the witness-stand is of so loathsome a nature that it is conceived to be preferable, for several reasons, that its sordid details be not reproduced herein. [1] We have with scrupulous and painstaking care examined the evidence, and our conclusion from such examination is that there exists no reasonable ground for holding that the verdict is not sufficiently supported. Even if it be true, as the testimony of the prosecutrix would seem to show, that the crime of rape was committed by the defendant on the child at the time of the alleged commission of the crime charged, still a fair and reasonable interpretation of the evidence will readily lead any fair-minded person to the conclusion that the acts (of which a few are above referred to) committed by the defendant upon the naked body of the child immediately preceding the asserted accomplishment by him of the act of sexual intercourse with the child were such as clearly to bring his conduct in that particular within the condemnation of section 288 of the

Penal Code. [2] And the fact, if it were a fact, that from the very beginning he intended to accomplish the act of sexual intercourse with the infant would not make the preceding acts with and upon her body any the less lewd and lascivious within the meaning and contemplation of section 288 of the Penal Code or his conduct in that respect any less amenable to punishment therefor according to the terms of said section. Of course, if he did have illicit intercourse with the child he was under the evidence guilty of both offenses.

[3] All that is required to complete the crime defined by section 288 of the Penal Code is that the acts committed on the body of a child under the age of fourteen years are of lewd or lascivious character and that the intention of the party committing them was thus to excite or arouse the sexual passion or desires of such party or of the party upon whose body they are committed or of both. Whether such passion or desires are thereby actually aroused by such conduct is not material. If they be so aroused in either or both, that fact, if it be shown, serves only as evidence of the intent with which the lewd or lascivious acts were committed.

Believing the testimony appearing to show that such acts were committed by the defendant in this case upon the body of the child named in the information, as obviously they did believe it, the jury were, of course, justified in concluding, as their verdict shows they did conclude, that by his conduct the accused at least intended to arouse his own sexual passion and desires, and, it is fair to assume, also the sexual passion of the child. Indeed, it would be wholly unreasonable to suppose that a person of the defendant's years did not, in committing the acts of which complaint against him is made in the information, specifically intend to arouse not only his libidinous propensity but also at least the sexual passion of the infant with the expectation that thus there would be aroused in her sexual desires. We have, however, found no just reason in or from the record which calls for a reversal.

[4] From what we have above said and the conclusion resulting therefrom, it follows, of course, that the court below made no mistake in denying the defendant's motion for a directed verdict on the close of the People's case, or, as

the motion was really intended to mean, that the court advise the jury to acquit. (Pen. Code, sec. 1118.)

The judgment and the order are affirmed.

Finch, P. J., and Plummer, J., concurred.