[Crim. No. 1528. Third Appellate District.—November 2, 1936.]

THE PEOPLE, Respondent, v. R. J. HUNT, Appellant.

Blaine McGowan for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant was charged with and found guilty of the crime defined by section 288 of the Penal Code, and from the order denying his motion for a new trial and from the judgment of conviction, he prosecutes this appeal.

He first contends the evidence does not support the verdict. The information alleges that appellant committed certain lewd and lascivious acts upon prosecutrix, a nine-year-old girl, with the intent then and there of arousing, appealing to and gratifying the lust and passions and sexual desires of the child *and* the defendant.

■ Appellant now claims that, having charged in the conjunctive rather than in the disjunctive, as is the language of the statute, it was necessary to prove that the acts gratified the desires both of the girl *and* the defendant. In this appellant is in error, the gist of the crime being the intent with which the act was done and not its accomplishment. (*People* v. *Bronson*, 69 Cal. App. 83 [230 Pac. 213]; *People* v. *McCurdy*, 60 Cal. App. 499 [213 Pac. 59].) There was ample evidence in the record to support the implied finding of the jury on the question of intent.

■ Appellant also contends the evidence was insufficient, in that it discloses that the appellant was guilty of certain sex perversions, as defined by section 288a of the Penal Code. While there is ample evidence in the record to have supported the conviction of appellant, had he been charged under section 288a of the Penal Code, nevertheless, there is also ample testimony to establish the commission by him of the offense embraced within the provisions of section 288 of the Penal Code. A similar contention was made in the case of *People* v. *Meyer*, 94 Cal. App. 696 [271 Pac. 751], and the court there said:

''Continuing, the defendant quotes certain parts of the record which would tend to prove the commission of an assault to commit rape. In doing so he neglects to quote passages from the record which tend to prove the commission of a violation of section 288 of the Penal Code. Having given a one-sided view of the evidence, the defendant makes the claim that the defendant was guilty of an assault to commit rape, if anything, and therefore by the express language contained in section 288 of the Penal Code he was not properly charged under that section, that the evidence was insufficient and that the verdict may not be sustained. However, as suggested above, there was evidence that the defendant violated the provisions of section 288 of the Penal Code and perhaps there was evidence that he committed an assault to commit rape. Under no logical reasoning was the latter offense a defense to the former.''

■ It was testified that at the same time and place as the commission of the acts charged in the information, appellant committed similar acts with two of the playmates of the prosecutrix. To the introduction of this testimony appellant objected, but, inasmuch as the evidence shows that

the three little girls involved were all present at the same time, and that appellant then and there, in their presence, committed the same acts upon all of the children, such acts were part of the *res gestae* and, under such conditions, the testimony was admissible. (*People* v. *Cuilla,* 44 Cal. App. 719 [187 Pac. 46] ; *People* v. *MacDonald,* 53 Cal. App. 488, 491 [200 Pac. 491].)

Objection is made to certain instructions offered by appellant and refused by the court. Without setting these instructions forth, it is sufficient to say that the court committed no error. One referred to the use of the conjunctive in the information, which we have already referred to in this opinion. The second was to the effect that the jury should disregard all evidence tending to prove the commission of the crime defined by section 288a of the Penal Code, but such acts were admissible as a part of the *res gestae,* and the jury had a right to consider them in that connection.

The third instruction stated, in substance, that the People were at liberty to prove one of several offenses under a general charge, but the first evidence which would tend in any degree to prove one offense "shall be deemed a selection of any number of other things involved and when that precise offense is proven to a moral certainty and beyond all reasonable doubt" it was the duty of the jury to disregard the subsequent matters in evidence and render a verdict of not guilty. The proposed instruction is ambiguous and does not express the true rule as to the election of offenses. It also erred in instructing the jury to disregard subsequent matters in evidence, which clearly were part of the *res gestae.*

The judgment and order from which the appeal is taken should therefore be affirmed and it is so ordered.

Thompson, J., and Plummer, J., concurred.