[Crim. No. 2563.    First Dist., Div. Two.    May 3, 1949.]

THE PEOPLE, Respondent, v. STERLING BATSFORD, Appellant.

Sterling Batsford, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

GOODELL, J.—This is an appeal from a judgment of conviction and from an order denying a new trial.

An indictment in 10 counts was returned, accusing appellant of 10 violations of section 288 of the Penal Code and alleging two prior convictions of felonies, with time served on each.  Appellant pleaded not guilty, admitted one of the priors, a burglary in 1928 in Los Angeles County, and denied the other, which was for assault to murder in the State of Florida in 1922, wherein a conditional pardon was granted.

The jury found appellant guilty on all 10 counts and found against him on the Florida conviction.

Appellant was represented at the trial by the public defender, but on this appeal he presents his own case.

Three girls were involved, two aged 10 and one aged 12.

■ Appellant lived in Oakland in two basement rooms. His testimony shows that he was interested in photography and for some time had spent all his spare time and money on that pastime; that he owned considerable photographic equipment and had had to learn to do his own developing because commercial developers had refused to handle the kind of pictures which he took. He had in his apartment a large collection of photographs of varieties and types which do not lend themselves to public view. (Pen. Code, §§ 311-314.) In his closing brief he states frankly that he possessed a "large number of photographs which appellant had taken over a period of a year . . . (two albums of pictures, one suit case of pictures, eleven large size pictures in frames, and two lampshades of pictures). . . ."

On December 29, 1947, two girls who were playing on the street accepted his invitation to visit his apartment to take some pictures. The first thing he did was to show them some of his collection of photographs. Thereafter they posed with him and photographs were taken and he admits touching the body of each of the girls but claims that he did so only in arranging their positions while posing.

Appellant claims the evidence is insufficient to sustain the verdict. Also that his conduct "was professional, impersonal, and devoid of any lewd expressions or actions." Nine pictures were introduced in evidence in various ones of which these girls appear and in some of which appellant also appears. In taking the pictures the girls assisted, one handling the camera while the other posed with appellant, then the other likewise.

On January 3, 1948, the two girls revisited the place. The third girl visited appellant's apartment later and substantially the same procedure was followed as with the other two.

Appellant complains that the introduction of these nine pictures by the prosecution had the effect of inflaming the jury against him. It must be admitted that the pictures did not help his case. But they corroborated the testimony of each girl respecting appellant's conduct with the other girl and with herself.

In criminal cases "The intent or intention is manifested by the circumstances connected with the offense . . ." (Pen. Code, § 21.) The verdict of course carries with it the impli-

cation that the jury found from appellant's acts and conduct that his intent was that described in section 288; that, as said in *People* v. *McCurdy,* 60 Cal.App. 499, 502 [213 P. 59], he had "a wicked state of mind . . . with reference to the act or acts." See, also, *People* v. *Bronson,* 69 Cal.App. 83, 86 [230 P. 213]; *People* v. *Hunt,* 17 Cal.App.2d 284, 286 [61 P.2d 1208]. █ The photographs were properly admitted in evidence. Indeed they were not objected to. Under appellant's own theory they were admissible, since he contends that they were artistic, not obscene, and the only way that question could be answered was by examining them. The authorities hold that such photographs are admissible (*People* v. *Linton,* 102 Cal.App. 608 [283 P. 389]; *People* v. *Doggett,* 83 Cal. App.2d 405 [188 P.2d 792]) and the fact that they might tend to excite the indignation and prejudice of the jury is not a sufficient reason for excluding them (*People* v. *Balestieri,* 23 Cal.App. 708 [139 P. 821]; *People* v. *Saenz,* 50 Cal.App. 382 [195 P. 442]). Appellant himself introduced in evidence a panel containing eight pictures of adult women.

The jury deliberated for one hour and six minutes, and that time, appellant claims, was wholly insufficient for a proper consideration of all the evidence on as many as 10 counts. There was nothing complicated about the evidence. It was singularly free from complexity, rendered so by appellant's admissions and by the pictures.

Appellant in his opening brief states that he is not a lawyer and asks this court to supply the citations of authorities on the several points which he is not able to supply. We have carefully gone over the transcript and briefs with this in mind but it must be said that there are no authorities to support his position.

There is no merit whatever in the appeal.

The judgment of conviction and the order denying a new trial are affirmed.

Nourse, P. J., and Dooling, J., concurred.