Filed 10/2/20  P. v. Boice CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B296540 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA096279) |
| v. | |
| MICHAEL LEIGH BOICE, | |
| Defendant and Appellant. | |

APPEAL from judgment of the Superior Court of Los Angeles County.  Alan B. Honeycutt, Judge.  Affirmed.

Jeralyn Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Michael Leigh Boice appeals the judgment entered following a jury trial in which he was convicted of two counts of commission of a lewd act on a 14- or 15-year-old child by a person more than 10 years older than the victim. (Pen. Code,[1] § 288, subd. (c)(1); counts 1 and 2.) The trial court sentenced appellant to a prison term of one year and eight months, consisting of the low term of one year on count 1, plus a consecutive term of eight months (one-third the mid-term of two years) on count 2.

Appellant contends: (1) the evidence is insufficient to support the conviction on count 2; (2) CALCRIM No. 1112 is impermissibly argumentative and biased in favor of the prosecution, and the trial court's reliance on the instruction for the elements of the charged offenses prejudiced the defense; and (3) because the court's imposition of a restitution fine and court facilities and government operations fees without a determination of appellant's ability to pay violates appellant's constitutional rights, the fines and fees must be stricken in accordance with *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We disagree and affirm the judgment of conviction.

## FACTUAL BACKGROUND

Veronica L. started tae kwon do classes at the Quest Studio when she was in middle school. She excelled in the sport and soon began spending most of her time outside of school at the studio taking classes or assisting instructors. Veronica was 13 and appellant 26 or 27 years old when appellant joined the Quest teaching staff.

Appellant often coached Veronica in tae kwon do competitions and promotional demonstrations, and for about a

---

[1] Undesignated statutory references are to the Penal Code.

year and a half their relationship was strictly that of a student and her teacher. Over time, however, the relationship became friendlier, and during the summer of 2014, when Veronica was 14 years old, their conversations in person and over Facebook Messenger became more frequent and more personal. Around the same time Veronica developed a crush on appellant, and she noticed he seemed to act differently around her.

At some point, appellant quit his job at Quest, and in August 2014, a farewell dinner was held for appellant at a restaurant. After the last class at the studio the night of the dinner, Veronica changed out of her uniform into shorts and a T-shirt and rode alone with appellant in his car to the restaurant. Veronica sat in the front passenger seat. During the drive, appellant hovered his right hand over Veronica's left thigh, and told Veronica he would not do anything unless it was acceptable to her. Veronica said nothing but moved appellant's hand down to her thigh. Appellant then slid his hand up her leg under her shorts and underwear. Veronica held onto appellant's thumb so she could pull his hand away if she became frightened. She told appellant that she was at the end of her period and asked him not to insert his fingers. Appellant then massaged her clitoral area until they reached the restaurant. As they pulled into the restaurant parking area, appellant asked Veronica if it felt good.

At the restaurant they sat next to each other, and appellant kept his hand on Veronica's thigh throughout the dinner. Veronica's father picked her up from the restaurant after dinner and drove her home. Because she was afraid he would be angry, she did not tell him what had happened with appellant.

Veronica did not see appellant again until a week or two later when he came to her 15th birthday party at her house. She

had invited him to the party because she knew she would not see him again and she wanted to say good-bye. At the end of the party Veronica walked appellant to his car. They walked down the alleyway behind Veronica's house and stopped at the curb across the street from appellant's parked car. Appellant tried to get Veronica to go to his car with him, but Veronica was scared and refused to go. She told appellant she had never been kissed by a boy before, and asked appellant to kiss her. Appellant hesitated and asked if she really wanted that. Veronica told him it was up to him, and appellant bent down and kissed her on the lips. They said good night, and appellant left.

Veronica did not see appellant again after the birthday party, but they continued to communicate on Facebook Messenger for about a month. Several times appellant asked Veronica to send him nude pictures of herself, but she ignored his requests. Shortly after he asked for pictures of her, Veronica broke off communication with appellant, concluding she "was in a toxic situation" and she needed to get out of it.

In September 2014, Veronica told a friend at school that her tae kwon do instructor had touched her while they were in the car. Veronica was not ready to speak with an adult and begged her friend not to tell anyone.

Three years later when Veronica was a senior in high school, she wrote about the incident in an essay, which she gave to her English teacher. Veronica then told her school counselor what appellant had done, and the matter was turned over to the police.

With Veronica's permission, Detective Erin Velarde posed as Veronica and began communicating with appellant through Facebook. Eventually, Detective Velarde arranged for Veronica

4

to make a recorded telephone call to appellant during which they talked about appellant touching her genitals and the kiss after the party.  At the end of the call, appellant asked, "So are you going to want to hear my voice more frequently then?"

Subsequently, Detective Velarde made a recorded telephone call to appellant.  Appellant admitted touching Veronica's genitals under her pants, but said it was over her underwear.  He described the incident as a "lapse of judgment."  As for kissing Veronica after the birthday party, appellant said that she cornered him, and before he knew it, she had kissed him.  While denying that he kissed her back, appellant admitted "[t]here may have been like a response with my mouth, but it wasn't a kiss back."  Appellant said he did not remember communicating with Veronica on social media after that and specifically denied any memory of asking Veronica for photos.

## DISCUSSION

### I.  Substantial Evidence Supports the Conviction on Count 2

Appellant contends the evidence was insufficient as a matter of law to support a finding he intended to arouse his or Veronica's "lust, passions, or sexual desires" when he gave her a casual kiss.  Appellant thus maintains that the evidence fails to establish he committed a lewd or lascivious act, and his count 2 conviction must be reversed.  We disagree.

#### A. *Relevant legal principles*

Section 288, subdivision (a) provides in pertinent part:  Any "person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual

5

desires of that person or the child, is guilty of a felony." Subdivision (c)(1) further provides: "A person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense and shall be punished by imprisonment in the state prison for one, two, or three years, or by imprisonment in a county jail for not more than one year."

Our Supreme Court has noted "the long-standing rule that section 288 is violated by 'any touching' of an underage child accomplished with the intent of arousing the sexual desires of either the perpetrator or the child." (*People v. Martinez* (1995) 11 Cal.4th 434, 452; *id.* at p. 442 (*Martinez*); *People v. Raley* (1992) 2 Cal.4th 870, 907.) Indeed, "the phrase 'lewd and lascivious act' is expansively defined to include any contact with the defendant's body and does not require that the touching be to an intimate part of the body. It is enough that the touching occur with the requisite intent." (*People v. Cuellar* (2012) 208 Cal.App.4th 1067, 1071, citing *Martinez*, at p. 442.)

" 'Because intent for purposes of . . . section 288 can seldom be proven by direct evidence, it may be inferred from the circumstances.' " (*People v. Villagran* (2016) 5 Cal.App.5th 880, 891, quoting *In re Mariah T.* (2008) 159 Cal.App.4th 428, 440.) Thus, to determine whether the defendant acted with the required specific intent, the " 'trier of fact looks to all the circumstances, including the charged act, to determine whether it was performed with the required specific intent.' [Citations.] Other relevant factors can include the defendant's extrajudicial statements [citation], other acts of lewd conduct admitted or charged in the case [citations], [and] the relationship of the

6

parties [citation].' " (*Martinez, supra*, 11 Cal.4th at p. 445; *Villagran*, at p. 891.)

Appellant's challenge to the sufficiency of the evidence of intent with regard to count 2 requires us to review the whole record in the light most favorable to the judgment, presuming in its support every fact that a finder of fact could reasonably deduce from the evidence. (*People v. Flores* (2020) 9 Cal.5th 371, 411.) This standard applies regardless of whether the prosecution relies on direct or circumstantial evidence. (*People v. Thompson* (2010) 49 Cal.4th 79, 113.) Indeed, "[e]ven where, as here, the evidence of guilt is largely circumstantial, our task is not to resolve credibility issues or evidentiary conflicts, nor is it to inquire whether the evidence might ' " 'be reasonably reconciled with the defendant's innocence.' " ' " (*People v. Gomez* (2018) 6 Cal.5th 243, 278.) Rather, "[i]t is the duty of the jury to acquit the defendant if it finds the circumstantial evidence is susceptible to two interpretations, one of which suggests guilt and the other innocence." (*People v. Zaragoza* (2016) 1 Cal.5th 21, 44.) And "[w]here the circumstances reasonably justify the trier of fact's findings, a reviewing court's conclusion the circumstances might also reasonably be reconciled with a contrary finding does not warrant the judgment's reversal." (*People v. Zamudio* (2008) 43 Cal.4th 327, 358.) Indeed, we will not reverse a judgment of conviction for insufficient evidence lest " 'it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support" ' the jury's verdict." (*Id.* at p. 357.) Moreover, " 'unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction.' " (*People v. Ghobrial* (2018) 5 Cal.5th 250, 281.)

**B.** *There was sufficient evidence to support a finding of the requisite intent for conviction on count 2*

Focusing on the nature of the act—"a quick peck on the lips"—appellant argues that there was no evidence that he intended to arouse his or Veronica's passion, lust, or sexual desire when he kissed Veronica. To the contrary, our review of the record as a whole reveals substantial evidence based on all the circumstances from which the jury could infer that appellant harbored the requisite intent for conviction on count 2.

Just a week or two before the kiss, appellant slipped his hand under Veronica's panties and massaged her clitoral area as he drove her to a restaurant for his farewell dinner. He only stopped when they reached the restaurant, and asked Veronica "if it felt good." In the restaurant, appellant sat next to Veronica, resting his left hand on her right thigh "the entire time."

When Veronica walked appellant out to his car after the birthday party, they walked down a dark alley behind her house and stopped out of view of Veronica's house and the neighbor's home. Appellant's car was parked across the street from the curb where they stopped, and appellant invited Veronica to go with him to his car for "a little bit." But Veronica was scared and refused to go, feeling it could be dangerous. Instead, Veronica told appellant she had never been kissed by a boy before, and asked appellant to kiss her. Appellant hesitated and asked if she really wanted that. Veronica told him it was up to him, and appellant bent down and kissed her on the lips.

Over the next month, appellant asked Veronica "more than twice" to send him nude pictures of herself. Concluding that the situation was "toxic" and she needed to get out of it, Veronica cut off all communication with appellant.

8

"[T]he 'gist' of the offense [under section 288] has always been the defendant's intent to sexually exploit a child, not the nature of the offending act." (*Martinez*, *supra*, 11 Cal.4th at p. 444; *People v. McCurdy* (1923) 60 Cal.App. 499, 502.)  In this case, appellant's entire course of conduct, including his actions supporting count 1, provides substantial evidentiary support for the jury's inference that appellant kissed Veronica with the intent to arouse or gratify his or her passion, lust or sexual desire.

## II. The Challenge to CALCRIM No. 1112 on Appeal Has Been Forfeited; In Any Event, the Instruction Constitutes a Correct Statement of the Law

Appellant next contends the trial court erred in instructing the jury with CALCRIM No. 1112, lewd or lascivious act, child 14 or 15 years old.[2]  (§ 288, subd. (c)(1).)  Appellant asserts that the

---

[2] In accordance with CALCRIM No. 1112, the jury was instructed as follows:

"The defendant is charged in counts 1 and 2 with a lewd or lascivious act on a 14 or 15 year old child who was at least ten years younger than the defendant in violation of Penal Code section 288(c)(1).

"To prove that the defendant is guilty of this crime, the People must prove that:

"1.    The defendant willfully touched any part of a child's body, either on the bare skin or through the clothing;

9

instruction is impermissibly argumentative because it focuses on matters that need not be proved rather than elements that must be proved to sustain a conviction, and thereby diminishes the prosecution's burden of proof. In so arguing, appellant points specifically to the portions of the instruction that inform the jury that "[t]he touching need not be done in a lewd or sexual manner" and "[a]ctually arousing, appealing to, or gratifying the lust,

---

"2.     The defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of himself or the child;

"3.     The child was 14 or 15 years old at the time of the act;

"And

"4.     When the defendant acted, the child was at least ten years younger than the defendant.

"The touching need not be done in a lewd or sexual manner.

"When someone commits an act willfully, he or she does it willingly or on purpose. It is not required that he intend to break the law, hurt someone else, or gain any advantage.

"Actually arousing, appealing to, or gratifying the lust, passions, or sexual desires of the perpetrator or the child is not required.

"It is not a defense that the child may have consented to the act.

"In determining whether a person is at least ten years older than a child, measure from the person's birth date to the child's birth date.

"Under the law, a person becomes one year older as soon as the first minute of his or her birthday has begun."

passions, or sexual desires of the perpetrator or the child is not required."

**A.** *Appellant forfeited his challenge by failing to object to the instruction below*

Appellant did not object below to CALCRIM No. 1112 or any of its wording, nor does he contend that CALCRIM No. 1112 failed to state the elements of the charged offense. His failure to object to the instruction or propose any modification to its language forfeits his challenge to the instruction on appeal. (*People v. Mora and Rangel* (2018) 5 Cal.5th 442, 471, citing *People v. Bolin* (1998) 18 Cal.4th 297, 326 [failure to object to wording of jury instruction forfeits appellate claim of error].)

**B.** *CALCRIM No. 1112 is a correct statement of the law and was properly given*

In any event, no error occurred. Of course, a trial court has a sua sponte duty to instruct the jury on the essential elements of a charged offense. (*People v. Mil* (2012) 53 Cal.4th 400, 409.) This duty extends also to instruction " ' "on general principles of law that are closely and openly connected to the facts and that are necessary for the jury's understanding of the case." ' " (*People v. Mitchell* (2019) 7 Cal.5th 561, 586.) An appellate court reviews a claim of instructional error de novo. (*People v. Posey* (2004) 32 Cal.4th 193, 218.)

CALCRIM No. 1112 is an accurate statement of the law: The instruction contains both a clear statement of the elements of the offense and a brief clarification of some of the principles of law necessary for the jury's understanding of its charge. Our Supreme Court has unequivocally held that " '[a]*ny* touching of a child under the age of 14 violates [section 288], even if the touching is outwardly innocuous and inoffensive, if it is

11

accompanied by the *intent* to arouse or gratify the sexual desires of either the perpetrator or the victim.' " (*People v. Shockley* (2013) 58 Cal.4th 400, 404; *Martinez, supra*, 11 Cal.4th at pp. 444, 452.) The instruction therefore correctly informs the jury that the touching need not be done in a lewd or sexual manner. Similarly, the instruction appropriately informs the jury that it is the defendant's *intent* in touching the child that determines criminal liability, not whether arousal, passion, or gratification actually occurs. (*People v. Cordray* (1963) 221 Cal.App.2d 589, 593 [" ' "It is not necessary to show that the sexual desires of the child, or of both child and defendant, were actually affected, since the gist of the crime is the intent and not its accomplishment" ' "]; *People v. McCurdy, supra*, 60 Cal.App. at p. 502 ["Whether the acts actually, or in point of fact, have the effect of arousing the passions or sexual desires of the person upon whom they are committed, is immaterial"].)

Further, contrary to appellant's contention, by defining and clarifying the elements of the offense in accordance with the statute and case authority, CALCRIM No. 1112 is neither argumentative nor one-sided. "An argumentative instruction 'invite[s] the jury to draw inferences favorable to [a party] from specified items of evidence on a disputed question of fact, and therefore properly belongs . . . in the arguments of counsel to the jury.' " (*People v. Flores* (2007) 157 Cal.App.4th 216, 220 [CALCRIM No. 875, which informed jury that assault does not require proof of intent to use force, actual touching, or resulting injury, was not impermissibly argumentative]; *People v. Wright* (1988) 45 Cal.3d 1126, 1135.)

CALCRIM No. 1112 did not invite the jury to draw any inferences favorable to the prosecution. Rather, in neutral

language, it accurately explained the elements of the offense and did not lighten the prosecution's burden or in any way discourage the jury from considering the evidence on appellant's intent.

### III. Appellant's *Dueñas* Claim Lacks Merit

Appellant contends the trial court's imposition of restitution and parole revocation fines as well as the criminal conviction assessment and the court security fee was unconstitutional under *Dueñas*, *supra*, 30 Cal.App.5th 1157.[3] The trial court imposed the fines and assessments without objection from appellant after *Dueñas* was decided.  Despite his failure to raise this claim in the trial court and the absence of any evidence or concern over his ability to pay, appellant nevertheless asserts he is entitled to remand to enable the trial court to determine his ability to pay.  Appellant has forfeited any challenge to the fines and fees imposed at sentencing.  (*People v. Aguilar* (2015) 60 Cal.4th 862, 866 [failure to object to imposition of fees at sentencing forfeited the issue for appeal]; *People v. Avila* (2009) 46 Cal.4th 680, 729 [defendant's failure in the trial court to assert his inability to pay a restitution fine over the

---

[3] In the statement of the case and the introduction to his *Dueñas* argument, appellant also refers to the "$300 sexual-offender-fund fine under section 290.3."  However, appellant fails to provide any argument or authority to support his contention that this fine should be stricken.  Accordingly, appellant has forfeited any challenge to the imposition of the sex offender fund fine pursuant to section 290.3.  (*People v. Whalen* (2013) 56 Cal.4th 1, 72, fn. 28 [failure to provide argument or authority supporting the defendant's contention forfeits the issue]; *People v. Gionis* (1995) 9 Cal.4th 1196, 1214, fn. 11.)

statutory minimum forfeited the challenge].) In any event, we reject the claim on the merits.

We decline to extend *Dueñas*'s broad holding beyond the extreme facts in that case, which are not present here. Dueñas was a disabled, unemployed, and often homeless mother of two young children. Over the course of several years she served jail time because she could not pay the fines imposed in connection with various misdemeanor vehicle offenses. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1160–1162.) Applying a due process analysis to the particular facts before it, the appellate court concluded that "[b]ecause the only reason Dueñas cannot pay the fine and fees is her poverty, using the criminal process to collect a fine she cannot pay is unconstitutional." (*Dueñas*, at p. 1160.)

This case plainly does not implicate the same due process concerns at issue in the factually unique *Dueñas* case. Unlike the defendant in *Dueñas*, there is no indication here that appellant suffers from a disability, that he has been unable to pay court assessments in the past, that he lacks savings or assets that could be sold, or that he needs to devote his limited resources to vital childcare needs. At sentencing, appellant was a 33-year-old former tae kwon do instructor, and prior to trial he had been employed in construction. There is nothing in the record to indicate he lacks the ability to obtain the funds for payment of his obligations in the future. And unlike the defendant in *Dueñas*, appellant does not face incarceration because of an inability to pay court-imposed fines, fees, and assessments. (See *Dueñas*, *supra*, 30 Cal.App.5th at p. 1163.)

14

In *People v. Hicks* (2019) 40 Cal.App.5th 320, 322, 329 (*Hicks*), review granted November 26, 2019, S258946,[4] we concluded that *Dueñas* was wrongly decided and rejected its holding that "due process precludes a court from 'impos[ing]' certain assessments and fines when sentencing a criminal defendant absent a finding that the defendant has a 'present ability to pay' them." (Accord, *People v. Petri* (2020) 45 Cal.App.5th 82, 92; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067–1068; *People v. Caceres* (2019) 39 Cal.App.5th 917, 923, 926–927; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279–282; *People v. Kopp* (2019) 38 Cal.App.5th 47, 96–97, review granted Nov. 13, 2019, S257844.)

Here, as in *Hicks*, "imposition of these financial obligations has not denied [appellant] access to the courts," nor has their imposition resulted in his incarceration. (*Hicks*, *supra*, 40 Cal.App.5th at p. 329.) And nothing prevents appellant from trying to satisfy these obligations through future earnings. (*Id.* at pp. 327, 329.)

---

[4] The California Supreme Court ordered briefing deferred pending decision in *People v. Kopp*, S257844, which presents the following issues:

"(1) Must a court consider a defendant's ability to pay before imposing or executing fines, fees, and assessments? (2) If so, which party bears the burden of proof regarding the defendant's inability to pay?" (*People v. Hicks*, S258946, <https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2302457&doc_no=S258946&request_token=NiIwLSEmXkw8W1BZSCNNTEtIUEQ0UDxTJiBeIz5SUCAgCg%3D%3D> [as of Apr. 20, 2020], archived at **<https://perma.cc/M53U-K638>**.)

Moreover, the restitution fine is classified as a form of *punishment*. (*People v. Souza* (2012) 54 Cal.4th 90, 143.) Its imposition without regard to present ability to pay therefore does not violate appellant's due process rights because it is "not a user fee imposed on court access." (*People v. Son* (2020) 49 Cal.App.5th 565, 592.) As the United States Supreme Court has recognized, due process is implicated only where a defendant, who has no ability to pay, is imprisoned for failure to pay a punitive fine. (See *Bearden v. Georgia* (1983) 461 U.S. 660, 665, 667–668; *Tate v. Short* (1971) 401 U.S. 395, 398 [" 'the Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full' "].)

Finally, the fines and fees imposed in this case are not excessive. Appellant was convicted of two counts of committing lewd acts upon a victim who was 14 years old when he committed the first (count 1), and had just turned 15 a few weeks later when he committed the second. He was sentenced to state prison. The $300 restitution fine was the minimum fine provided under the statute. On this record, we do not find the $300 fine and $140 in assessments to be " 'grossly disproportional to the gravity of [appellant's] offenses.' " (*Cooper Indus. v. Leatherman Tool Group, Inc.* (2001) 532 U.S. 424, 434.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

HOFFSTADT, J.

17